## The Insurance Company of Pennsylvania
### *against*
## HEWES and others executors of ANTHONY.

1813.

Philadelphia,
Saturday,
June 30.

Under the arbitration law of *March* 1810, executors are entitled to an appeal without entering into a recognisance, paying costs, or making an affidavit.

THIS case had been referred to arbitrators, who awarded in favour of the plaintiffs. *Meredith* on behalf of the defendants, obtained a rule on the prothonotary to shew cause, why an appeal should not be entered without paying costs, filing an affidavit, or giving a recognisance of bail.

*Binney* and *Rawle*, who were of counsel with the plaintiffs, shewed cause for the prothonotary. They contended that the proviso in the 14th section of the arbitration law, merely exempted executors or administrators from giving the recognisance mentioned in that section, and not from the affidavit and payment of costs, required by the 11th section. The affidavit was reasonably required, because after a hearing before arbitrators, an executor must be competent to swear, that his appeal is not intended for the purpose of delay, but that he believes injustice has been done; and there is no reason for distinguishing this case from others, in regard to costs, as in the case of a verdict against executors, they are bound to pay costs, except where there is the single plea of *plene administravit*, and that is found for them. 2 *Tidd* 894. The law gives an appeal to executors as *in other cases.* In a law passed on the same day, the 20th of *March* 1810, *Purdon's Abr.* 286, executors are entitled to appeal from the judgment of a justice, without giving surety in the nature of special bail. This is the class of other cases referred to.

*Meredith* and *Levy* contra, argued, that the proviso was general. Executors and administrators shall have appeal *as in other cases;* and in other cases, no costs are paid, nor affidavit made, to ground an appeal. It clearly extends to a preceding section, because the 14th applies only to executors defendants, the 12th applying to executors plaintiffs; and no doubt the proviso embraces all cases of executors. If it applies to any preceding section, it may to all the sections on the subject of appeal. Executors are excepted out of the affi-

davit rule adopted by the Court. They are not conusant of their testator's transactions. After a hearing they may be in equal darkness. They may want further information from a distance. They must guard against a devastavit, of which they would be guilty, if they permitted a judgment to go against them without full investigation. As to costs, if the affidavit is dispensed with, so is the payment of costs, because they are connected in the same section; and the proviso must extend to both if to either. Executors are not liable for costs, personally, unless they plead a false plea.

Tilghman C. J. This case was submitted to the decision of arbitrators under the act of assembly. An award was made in favour of the plaintiffs and the defendants desire to enter an appeal. The question is on what terms the appeal is to be entered.

By the 11th section of the act of the 20th of *March* 1810, an appeal is granted to either party *under the following rules regulations and restrictions.* These rules are contained in the 11th, 12th, 13th and 14th sections. It is directed in the 11th section, that the appellant shall swear or affirm, " that it is " not for the purpose of delay the appeal is entered, but be- " cause he firmly believes injustice has been done;" and the appeal is not to be allowed until the appellant pay all the costs that may have accrued in the suit. By the 12th section, the appellant if plaintiff is to enter into recognizance with security, the condition of which is, that if the said plaintiff does not recover in the event of the suit, a sum greater than was awarded to him by the arbitrators, he shall pay all future costs and a dollar a day to the defendant, for every day lost by him in attending the appeal. By section 13th, the costs paid by the appellant previous to entering the appeal, are to be recovered of his adversary only in cases, where in the event of the suit, the appellant is entitled to costs by the provisions of this act. By section 14th, if the defendant be the appellant, he is to enter into a recognisance in nature of special bail, with condition that if the plaintiff in the event of the suit, shall obtain judgment for a greater sum than was awarded by the arbitrators, the defendant shall pay all the costs accrued in consequence of the appeal, together with the amount of the sum awarded, with a dollar a day for every

day lost by the plaintiff in attending to the appeal, or in default thereof surrender himself to prison &c. In the end of this section is a proviso in the following words, "provided "that where executors or administrators may be the party appellant as aforesaid, they shall have an appeal, as is by law "allowed in other cases." The plaintiffs contend that this proviso is restricted to the 14th section, and only exempts the defendants from the recognisance in nature of special bail. They insist that the words, "party appellant *as aforesaid*" limit the proviso to the contents of the 14th section. I am of a different opinion. Here is an act of assembly establishing a set of rules, under which appeals are to be entered. They begin in the 11th, and are continued through four sections, forming in the whole one system. But it was evident that this system would be unjust, with regard to executors or administrators, who, whether plaintiffs or defendants, appear in court only as trustees for the rights of others, and who are not so well acquainted with the matter in contest as their testator or intestate. It would be hard to exact from such persons an oath as to the justice or injustice of the case, and very hard indeed to make them pay costs, which in the event of the suit they might never recover again. The consequence of such hardships would be, that executors or administrators might rather acquiesce in an unjust award than enter an appeal; and in such case, on whom would the loss fall? Not on themselves, but on those entitled to the estate of the deceased person; very often widows and infant children. The words of the law are quite sufficient to guard against those inconveniences, and it appears to me that they were intended to do so. "Where executors or administrators may be the party appel- "lant *as aforesaid*, they shall have an appeal as is by law "allowed in other cases;" that is, where executors or administrators whether plaintiffs or defendants, may be the party appellant, they may appeal without the restrictions in the 11th, 12th, 13th and 14th sections, which are unsuitable to the case of executors and administrators. The words *as aforesaid* might have been omitted without injury to the law, and being inserted, they are to be referred not to the 14th section only, but to all the other sections containing regulations, part of the same system. This forms a consistent plan; but to exempt executors *defendants* from inconvenience, and

to leave executors *plaintiffs* subject to it, would be inconsistent, and ought not to be supposed to have been the intent of the legislature. I am therefore of opinion, that the defendants should be permitted to enter their appeal without oath, without payment of costs, and without recognisance in the nature of special bail.

1813.

Ins. Company
of
Penns.
*v.*
Hewes.

YEATES J. This case has already been fully stated by the Chief Justice, and the different sections of the law have been detailed.

I think the words *as aforesaid*, in the close of the proviso of the 14th section of the act of the 20th of *March* 1810, cannot be confined to that section, but are referrible also to the 11th section. The concluding section of the act repeals former arbitration laws inconsistent therewith; and the legislature must necessarily have meant *other cases of appeals*, as they stood independently of compulsory arbitrations, wherein neither an affidavit, payment of costs, or giving a recognisance were made essential pre-requisites to an appeal.

It would require strong and clear words to shew an intention in the legislature, to subject executors and administrators to the necessity of swearing to facts of which their knowledge must be very imperfect, paying costs out of their own pockets, when perhaps there may be no assets in their hands, and making themselves personally responsible for the debts of their testator or intestate, or forego the benefit of an appeal, in instances where they have strong reason to conclude, that injustice has been done by the award of arbitrators. Either *all* these acts are necessary to be done by the defendants in the present instance, or the Court will impose *none* of them. I think it the fair construction of the law, that it requires neither of them to be performed, and am therefore of opinion, that the appeal should be received by the prothonotary.

BRACKENRIDGE J. concurred with the Chief Justice.

Rule absolute.