## LEIBERT v. HOCKER, EXECUTOR, &c.

### May 30, 1836.

*Rule to set aside the judgment entered.*

In an action against the executors of an indorsee of certain promissory notes, it was held that an *affidavit* of defence was not necessary under the act of 1835.

PETER Leibert and John Leibert, under the firm of P. and J. Leibert, against John Hocker and Christopher Hocker, executors of Christopher Mason deceased, were the parties in this case.

The suit was brought on certain promissory notes, of which Christopher Mason, in his lifetime, was the indorser.

Copies of the notes were filed by the plaintiffs in due time. The plaintiffs took a judgment for want of an *affidavit* of defence, under the 2d section of the act of the 28th of March 1835.

*C. Ingersoll,* for defendants, obtained a rule on the plaintiff to show cause why the judgment should not be set aside, on the ground that as *executors* the defendants were not required to file an *affidavit* of defence.

*Chew,* for the plaintiffs, opposed the rule.

PER CURIAM.—Although it is true the act of the 28th of March 1835 makes no express provision to exempt an executor or administrator from the necessity of making an *affidavit* of defence, where the

action is on the contract of the decedent, yet analogous decisions in our courts, in reference to *affidavits* of defence generally, have established a rule in favour of such an exemption. It seems to be a sound construction, that the act requiring such *affidavits*, contemplates actions on the contract of the *defendant*; but where the cause of action existed at the time of the death of the testator or intestate, it would require *clear* language to show an intention in the legislature to subject executors or administrators to the necessity of making an *affidavit* of defence, or forego the advantage of a regular trial. Under the arbitration law of 1810, it has been held that executors are entitled to an appeal without entering into a recognizance, paying costs, or making an *affidavit*. Insurance Company of Pennsylvania *v.* Hughes, 5 *Binn.* 508. Executors ought not to be compelled to make an *affidavit* in regard to facts of which their knowledge must be imperfect. Edwards *v.* Ewing, 4 *Yeates* 235. We are opinion that a fair construction of the 2d section of the act of the 28th of March 1835, does not render such a step indispensable in order to secure a trial by jury.

Rule absolute.