# SUPERIOR COURT OF BALTIMORE CITY

Filed January 20, 1894.

MYER

VS.

BRIEL AND TIPPETT, EXECUTORS ET. AL.

*Charles S. Hayden* for plaintiff.

*Tippett Brothers* for defendants.

RITCHIE, J.—

This is a suit on three promissory notes, dated January 20th, 1891, payable to plaintiff, and signed by John and Emanuel Briel. John Briel died about May, 1893, more than a year after the maturity of the last note, and this suit was brought on affidavit under the Act of 1886, Ch. 184, to November rule day, 1893, against Emanuel Briel and the executors of John Briel. On the expiration of fifteen days judgment by default was entered and extended against said executors for want of a plea verified by affidavit, and, on December 2nd, they filed this motion to strike out the judgment, on the ground that they are not within the provisions of the Act which relate to the plea and affidavit required in the cases therein referred to.

The question of the application of these provisions to executors is suggested by the Court of Appeals in May vs. Wolvington, 69th Md. 124. In submitting this question, the Court says that it might be supposed that the affidavit mentioned "is required only of a person having knowledge of the facts. An executor would seldom have personal knowledge of his testator's indebtedness; surely is not bound by his official duty to have such personal knowledge. Now, the query is whether this section of the act is to be construed to require a party to swear to a fact which ordinarily he could not personally know; unless it receives this construction, it does not apply to executors?"

In addition to the doubt thus expressed, it may also be a question whether the plaintiff, in such a case as this, is able to make the affidavit which the literal terms of the act require; but the objection suggested by the Court of Appeals seems sufficient to show that the provisions referred to do not apply to executors when sued on the contracts of their testators. I find that a similar act has been so construed in Pennsylvania. See Liebert vs. Hocker, 1 Miles 263; Wright vs. Cheyney, 10 Phila. 469, and Boas vs. Birmingham, 2 Pearson 334.

It is true that there might be cases on like causes of action in which perchance an executor had personal knowledge, or might procure some one with sufficient knowledge to make the affidavit on his behalf, but it would not

be practicable to make the inquiry which would be necessary in order to distinguish such cases, and the construction of the law is not to be controlled by exceptional cases.

There is another reason why in cases such as this these provisions should not be construed as applying to executors. If they were held to be within this part of the act it would happen in most cases of default by them that judgment would be entered on the affidavit of a party who would not have been a competent witness on the trial of the case.

There may be suits against executors and administrators on contracts made by them; the question raised does not include such cases, and as to them I express no opinion; but when executors or administrators are sued on the contracts of their decedents, I do not think they are required to plead within the fifteen days or under affidavit, and I therefore hereby grant the motion, and order the judgment by default and extension thereof to be stricken out.