## Smith *versus* The Popular Loan and Building Association.

In a suit against an endorser of a promissory note, an affidavit of defence is sufficient to prevent judgment where it alleges such facts as show that the endorsement was obtained from the defendant by misrepresentation, and that the note was negotiated in fraud of his rights.

January 26th 1880. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ. Green, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term 1880, No. 45.

Case by The Popular Loan and Building Association of the city of Philadelphia against Michael Smith, upon a promissory note drawn by George C. Shelmerdine to his own order and endorsed by defendant. The latter filed an affidavit of defence wherein he averred, " that the defendant, at the request and for the accommodation of Shelmerdine, the drawer of the promissory note upon which suit is brought, made, executed and delivered to the Fourteenth and Twentieth Wards Building and Loan Association of Philadelphia a bond and mortgage, in the sum of $4000, which said Shelmerdine was to pay in monthly instalments of thirty-four dollars each to said association. On the 14th day of April 1879, Shelmerdine came to defendant and told him that he was in arrears on said monthly payments in the sum of $500, and the said association had promised to give time for the payment thereof if Shelmerdine would give his four promissory notes, making together the sum of $500, endorsed by defendant, which said notes Shelmerdine asserted were to be paid by him and received by said association on account of said mortgage. On this assurance defendant endorsed said notes, one of which is the note in suit; but Shelmerdine, in violation of his promise and duty to defendant, instead of paying said notes on account of said mortgage gave the same to the plaintiff association in this case."

The court entered judgment for want of a sufficient affidavit of defence, when defendant took this writ and alleged that this was error.

*Charles D. Freeman,* for plaintiff in error.—Where fraud is alleged that is sufficient for the cause to go to a jury : Ehrisman *v.* Roberts, 18 P. F. Smith 308 ; Shannon *v.* Commonwealth, 8 S. & R. 444 ; Graham *v.* Smith, 1 Casey 323 ; Byles on Bills 224 ; Phelan *v.* Moss, 17 P. F. Smith 59 ; Hoffman *v.* Foster, 7 Wright 137 ; Hutchinson *v.* Boggs, 4 Casey 294. If the defendant proves that the note was fraudulent in its inception, or fraudulently put in circulation, there is thrown upon the plaintiff the burden of

proof that he is a holder bona fide, and for a valuable consideration : Smith's Leading Cas., vol. 1, part 2, 825 ; Holme *v.* Karsper, 5 Binn. 469 ; Dickson *v.* Primrose, 2 Miles 366 ; Knight *v.* Pugh, 4 W. & S. 448 ; Brown *v.* Street, 6 Id. 221 ; Phelan *v.* Moss, *supra ;* Snyder *v.* Riley, 6 Barr 167 ; Beltzhoover *v.* Blackstock, 3 Watts 27. The affidavit clearly pointed out the fraud.

*Joseph Savidge,* for defendants in error.—In Bardsley *v.* Delp, 7 Norris 420, the affidavit of the defendant alleged, as the affidavit in this case does, that the note was given for a special purpose, and was used by the one who received it for an entirely different purpose. The plaintiff, as in this case, had no notice of any secret equities existing between the endorser and the holder of the note, and it differed from this case in that it averred that the note was taken by the plaintiff for an antecedent debt, which the affidavit in this case does not aver ; yet the court held, reversing the court below, that the affidavit was not sufficient and directed judgment to be entered for the plaintiff.

Mr. Justice Trunkey delivered the opinion of the court, February 2d 1880.

The affidavit of defence sets forth facts which show that the defendant's endorsement of the note in suit was induced by falsehood ; that he gave it on the assurance that the note would be paid on a mortgage, for which he was already liable ; and that the drawer and payee fraudulently gave the note to the plaintiff. The facts are clearly stated, and reveal actual fraud by the drawer in the obtaining and use of the endorsement. This case is ruled by Hutchinson *v.* Boggs & Kirk, 4 Casey 294, which establishes that an affidavit of defence, alleging such facts as show that the note was obtained from the defendant by misrepresentation and negotiated in fraud of his rights, is sufficient to prevent judgment being entered for want of a proper affidavit of defence. Where a negotiable note was obtained from the maker under false pretences, and fraudulently put in circulation by the payee, the holder of the note, in order to recover, must show a purchase for value before maturity, without notice of the fraud. An affidavit of defence distinctly setting out the facts, from which the fraud is a direct and natural inference, is sufficient : Hoffman *v.* Foster & Co., 7 Wright 137. See Albietz *v.* Mellon, 1 Id. 367.

Judgment reversed and *procedendo* awarded.