the case may be taken out from the operation of the rule; but, on the facts before us, we hold that the subscribers to the stock in this association, by reason of their disregard of the law under which they attempted to organize, acquired no rights under it, but became liable as general partners for all the debts contracted in the name of the association. Nor do we see our way clear to relieve one who bought an interest in the concern months afterward and honestly put his money into its business. Like one buying into an ordinary mercantile partnership, he was bound to inquire into the organization and condition of the concern in which he was about to invest his money.

> The order heretofore made reversing the judgment of the court below remains in full force.

Mr. Chief Justice PAXSON and Mr. Justice MITCHELL dissent.

---

## ERIE BOOT & SHOE CO. v. J. A. EICHENLAUB.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 30, 1889—Decided May 29, 1889.

*(a)* In an action by an accommodation indorser against the maker, to recover the amount paid by plaintiff to lift a note from bank, an affidavit of defence averred that the note was made fraudulently, was without consideration, and that the plaintiff had knowledge of these facts when his indorsement was made.

1. In such case, the plaintiff was not entitled to summary judgment under the procedure act of May 25, 1887, P. L. 271, because (1) his statement of claim did not aver that the bank was a bona fide holder of the note for value, and (2), even with such an averment, the protection afforded would not extend to a party to the original fraud.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 45 January Term 1889, Sup. Ct.; court below, No. 24 September Term 1888, C. P.

On May 24, 1888, J. A. Eichenlaub brought assumpsit against the Erie Boot & Shoe Co., filing the following statement of claim:

J. Adam Eichenlaub brings this suit to recover from the Erie Boot & Shoe Company, a corporation incorporated under the laws of the state of Pennsylvania, the sum of $10,270.13, the amount due upon a certain promissory note made by the defendant . . . . . as follows:

" $10,000.                        ERIE, PA., Nov. 5, 1887.

Sixty days after date we promise to pay to the order of the estate of Joseph Eichenlaub, deceased, ten thousand dollars, at the Second National Bank of Erie, Pa., without defalcation or stay of execution, for value received.

ERIE BOOT & SHOE CO.,

Joseph P. Eichenlaub, Pres't."

[Endorsed]

" Joseph P. Eichenlaub, executor of estate of Joseph Eichenlaub, deceased."

" J. A. Eichenlaub."

That when said note became due, on January 7, 1888, the said defendant did not pay the same, . . . . . and the plaintiff was compelled and did pay to the Second National Bank of Erie, the owner and holder of said note, the said sum of $10,270.13 to take the same up; he, the said plaintiff, being the last indorser on said note, and was an accommodation indorser for said defendant on said note at its request.

Therefore the said J. A. Eichenlaub avers, etc.

The affidavit of defence, in its material averments was as follows:

" Personally appeared before me, the undersigned, Thomas H. Cole, who being duly sworn, says that he is one of the stockholders of the said defendant company. . . . . The said note upon which suit is brought was made, or caused to be made, by Joseph P. Eichenlaub, without any knowledge or authority from the officers and directors of the said company, and without any consideration to support it; the said note was and is made to no person, purporting to be made to the estate of Joseph Eichenlaub, deceased, to whom the defendant company was in no wise indebted, in any manner, to the best of

Statement of Facts.

the deponent's information; and deponent doth further say that the pretended and unauthorized note or instrument contains in it a large amount of usurious interest, at the rate of seven, eight and nine per cent interest, running eight or nine, or more years, on a running account between Joseph Eichenlaub and the defendant company, amounting to some $1,147.90; and deponent further says that the said estate of Joseph Eichenlaub was at the time said note was made, and now is indebted to the defendant corporation for leather, thread, boots, shoes and merchandise, purchased from said defendant, running from 1879 until his death in 1886, amounting to $11,281.88 or more."

[Statement of account here given.]

A supplemental affidavit of defence, made by Thomas H. Cole, averred:

"That he is the manager of the business of the said company; that this deponent is informed and believes and expects to be able to prove, on the trial of this case, that the note upon which this suit is brought was fraudulently made and issued by Joseph P. Eichenlaub to the estate of Joseph Eichenlaub, of which estate the said Joseph P. Eichenlaub was one of the executors, without any consideration whatsoever; that at the time of the making of said note the said defendant was not indebted to the estate of Joseph Eichenlaub, deceased, in any sum whatsoever; but on the contrary the said estate of Joseph Eichenlaub was indebted to the said defendant more than eleven thousand dollars, and both the said Joseph P. Eichenlaub and the said J. A. Eichenlaub well knew these facts. This deponent charges upon information and belief, and expects to be able to prove the same on the trial of this case, that the said note was made in pursuance of an arrangement between the said Joseph P. Eichenlaub and the said J. A. Eichenlaub for the purpose of borrowing a large amount of money with which to pay a debt owing by Joseph Eichenlaub, deceased, to the receiver of the German Insurance Company, of Erie, Pa., and that the said J. A. Eichenlaub well knew at and before the making of the said note that the said defendant was not indebted to the estate of said Joseph Eichenlaub, deceased; and that the said J. A. Eichenlaub is not a bona fide holder of said note, but is an accommodation endorser with full knowledge of all said facts before he endorsed said note, and before he procured possession of the same."

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, GUNNISON, P. J., on September 17, 1888, filed the following opinion and order:

The facts alleged in the affidavit of defence would be a sufficient defence in a suit by the payee against the maker of the note. They would also constitute a sufficient defence in this suit, if there had been no intermediate bona fide holders of the note before maturity and for value. It is not alleged that the Second National Bank was not such a holder. The plaintiff became the holder of the note by reason of his payment of it to the Second National Bank. The bank was his immediate assignor. "The assignee takes the instrument subject to all the objections and equities to which it was subject in the hands of the person from whom he takes it:" Waln v. Haldeman, 2 Pears. 26. No facts are set out which could constitute a defence against recovery on the note at the suit of the bank. Nor could the plaintiff, who was an accommodation indorser, have resisted payment at the suit of the bank against him upon his indorsement. He was compelled to pay the bank. The want of consideration and the fraud in the original transaction, alleged by the defendant, could not have availed him as indorser, or the defendant as maker, as against the bank. Having been compelled to pay, he succeeded to the right of the bank and was affected by such equities as it was affected by, and by none other.

The rule to show cause is made absolute.

Judgment having been entered in favor of the plaintiff for $10,148.42, the defendant took this writ, assigning as error the order of the court making the rule for judgment absolute.

*Mr. William Benson*, for the plaintiff in error.

*Mr. F. F. Marshall*, for the defendant in error.

OPINION, MR. JUSTICE MITCHELL:

This action was brought upon a promissory note made in the name of the company plaintiff in error by Joseph P. Eichenlaub, its president, in favor of the estate of Joseph Eichenlaub, deceased, of which he was himself the executor. It was

therefore a note in the name of a principal, but made by an agent in his own favor. The affidavit of defence avers that the note was made fraudulently, without the knowledge or authority of the company, and without consideration, and that the plaintiff below had knowledge of these facts before he took the note. The court below, conceding that this established a prima facie defence against the payee, nevertheless held the affidavit insufficient in the present action because the plaintiff had become the holder through his payment of the note to the bank. But this view of the case overlooks two important points in defendant's favor.

First; it nowhere appears that the bank was a bona fide holder for value before maturity. In fact it is only stated collaterally and argumentatively that the bank was a holder of the note at all; all that appears on the subject anywhere in the record being that part of the plaintiff's statement which says that the defendant "has never paid the said note or any part thereof, and the plaintiff was compelled and did pay to the Second National Bank, the owner and holder of said note, the sum of ten thousand dollars," etc. Where the affidavit avers that a note was made or put in circulation fraudulently, it must appear that the holder has such a title as bars all the equities between the original parties. Under the former affidavit of defence law, such an affidavit was sufficient to prevent judgment: Smith v. L. & B. Ass'n, 93 Pa. 19. How far, under the procedure act of 1887, the plaintiff's statement may supply the proof of title previously required to be made to a jury, it is not necessary now to consider, as it is entirely clear that nothing short of a specific and positive averment of the whole facts in plaintiff's title, can have that effect, and there is no such averment here. For all that appears, the bank may have been a mere depository of the note for the purpose of collection. On this branch alone the affidavit was sufficient.

But secondly; even if the bank was a bona fide holder, judgment could not be entered in favor of the plaintiff, in the face of the supplemental affidavit that he knew of and was a party to the fraudulent arrangement by which the note was made. The bona fide title of a holder protects all subsequent holders, as a general rule, but this protection does not extend to a party to the original fraud.

The affidavits therefore set up facts which if true are a good defence against the present plaintiff. The counter statement of the defendant in error gives an entirely different version of the transaction, and states several facts that would do away entirely with the defence set up, but being no part of the record these allegations cannot be considered here. The point against the affidavit that it is made by a mere stockholder without setting out any special knowledge of the facts, or any reason why it is not made by an officer or director, is well taken, but its effect is obviated by the averment in the supplemental affidavit that the affiant is the manager of the business of the company.

Upon the case as it stands, the defendant was entitled to go to a jury.

Judgment reversed and procedendo awarded.