PRESS CO., Limited, v. CITY BANK OF HARTFORD.

(Circuit Court of Appeals, Third Circuit. November 3, 1893.)

No. 17.

1. NEGOTIABLE INSTRUMENTS — BONA FIDE PURCHASERS — FOREIGN CORPORATIONS.

It is no defense against negotiable paper in the hands of an innocent purchaser that the payee was a foreign corporation, which had failed to comply with the statutory conditions for doing business in the state, and that the paper grew out of business transacted there by it. 56 Fed. Rep. 260, affirmed.

2. SAME—PLEADING AND PRACTICE.

Under the system of pleading established by the Pennsylvania statute of 1887, plaintiff's averment that he obtained negotiable paper sued on, before maturity, for value, is sufficient, when not denied, to establish bona fides; and, on a rule for judgment for want of a sufficient affidavit of defense, he is not required to further show that he was unaware of the particular illegality set up.

3. SAME—BONA FIDES—PRESUMPTIONS.

The fact of obtaining negotiable paper before maturity, for value, raises a presumption that the holder is ignorant of any illegality affecting it, and relieves him of the necessity of averring such ignorance.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

At Law. Action by the City Bank of Hartford against the Press Company, Limited, upon three promissory notes. Judgment was entered below in favor of plaintiff, for want of a sufficient affidavit of defense. 56 Fed. Rep. 260. Defendant brings error. Affirmed.

James H. Shakespeare, for plaintiff in error.

George Tucker Bispham, (Paul Wilcox, on the brief,) for defendant in error.

Before ACHESON, Circuit Judge, and BUTLER, District Judge.

BUTLER, District Judge. The action is on promissory notes drawn by the plaintiff to the Thorne Type-Setting Company, or order, and indorsed to the defendant. The claim filed avers that the indorsements were made before maturity and for value. The affidavit of defense denies proper execution of the notes; and says the payee is a foreign corporation,. without authority to transact business in this state, because of failure to comply with the statute of 1874; that the notes grew out of business transacted here, and are therefore invalid. The affidavit was held to be insufficient; and judgment was entered accordingly. The defendant (below) appealed, and assigns the entry of judgment as error.

The objection to the execution of the notes is abandoned. The points urged are, first, that the notes are invalid; and second, that the pleadings do not warrant the judgment.

Neither objection can be sustained. Granting that the notes could not be enforced by the payee, they can be by an innocent indorsee. This seems to be settled. Daniel, Neg. Inst. § 197; Shars. & B. Bills, etc., 110; Wyatt v. Bulmer, 2 Esp. 538; Williams v. Cheney, 3 Gray, 220; Carpenter v. Longan, 16 Wall. 271. Why should not the ordinary rules which govern the transfer of negotiable paper, apply? Why should the plaintiff, who has expressly promised to pay the indorsee, escape on the defense set up? If the notes were wrongfully given, in violation of the statute, the wrong was his. Why therefore should he be allowed to cast the consequences upon another? If the payee's right to transact business in this state was questionable he should have investigated it. He could as readily have discovered the lack of authority before drawing the notes as after. The indorsee knew nothing of such question. He did not know even that the notes grew out of a transaction here. It is urged that public policy forbids a recovery; that to hold otherwise will nullify the statute. We do not think so. If the legislature intended the consequences claimed, we would expect it to say so. It has not; and we think justly, for otherwise the drawer of such paper might cast the consequences

of his misconduct or carelessness on others, who rely on his promises without means of protecting themselves. The public interests require that persons dealing with foreign corporations shall inform themselves of the authority to transact business here, in advance, instead of aiding violations of the statute, and then repudiating their promises to the injury of innocent persons. Public policy requires that the circulation of negotiable paper shall be free from unnecessary trammels.

We think the objection based on the pleadings is equally untenable. The holder of negotiable paper is presumed to have received it for value, before maturity. Where the common-law method of pleading prevails this presumption stands until it is assailed by plea or notice, followed by proof. Under what was known in this state, prior to 1887, as the "Affidavit of Defense Law," it was held that the defendant's averment of fraud in obtaining the note, or other similar defense, was of itself a sufficient attack upon the holder's bona fides to deprive him of a right to judgment before trial; Hutchinson v. Boggs, 28 Pa. St. 296; Hoffman v. Foster, 43 Pa. St. 137. Under the new system, introduced in 1887, whereby the plaintiff is required to file a statement of claim, specifying the facts on which he relies to recover, and the defendant required to answer, it is held that all facts so specified and not denied in the answer, are to be treated as admitted; Ashman v. Weigley, 148 Pa. St. 61, (23 Atl. Rep. 897.) In Shoe Co. v. Eichenlaub, 127 Pa. St. 164, (17 Atl. Rep. 889,) this conclusion was foreshadowed, though the case did not call for its announcement. The latter case is especially interesting, as the suit was on negotiable paper and the question was similar to ours. Here the plaintiff avers that he obtained the note before maturity, for value; and the defendant does not deny it. This is therefore a conceded fact. It is urged however that more is necessary to establish the plaintiff's bona fides—that he should further show that he was unaware of the defense now set up. There are two answers to this; first, that it would be unreasonable to hold the plaintiff to proof of such a fact; it is always difficult to prove a negative, and parties are not generally required to do it; and second, that the fact of obtaining the note in due course, as by paying value before maturity, raises a presumption that he was unaware of the defense. Carpenter v. Longan, 16 Wall. 273. Especially strong is this presumption where the defendant, as here, concedes the indorsement was in due course, and makes no suggestion of bad faith.

The judgment is affirmed.