# Lewis Reeper *v.* Thomas H. Greevy, Appellant.

*Promissory note—Fraud—Evidence—Burden of proof.*

. To support an action by the indorsee of negotiable paper against the maker, in the first instance it is only necessary for the plaintiff to put the paper in evidence; then if the defendant proves that the paper was put in circulation by fraud or undue means, his defense will prevail unless the plaintiff establishes that he acted fairly and paid value.

*Promissory note—Fraud—Evidence of conspiracy.*

Where in a suit on a promissory note, the theory of the defense is that the plaintiff was not a bona fide holder, that he was acting for the original payee, and when there was evidence that every thing which had been done in regard to the inception and conduct of the action had been done by the payee—who had employed counsel and retained custody of the note—and when it was alleged that at the transfer of the note no money passed but it was accepted in payment of wages due by the payee to plaintiff without indorsement by payee. *Held,* that it was error to reject an offer to prove that the payee who obtained possession of the note in 1893 still claimed to be the owner of the same in 1895; and it was error in face of such offer to say that the evidence was undisputed that plaintiff was a bona fide holder for value without notice before maturity.

Argued April 26, 1897. Appeal, No. 54, March T., 1897, by defendant, from judgment of C. P. Blair Co., Oct. T., 1896, No. 195, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Assumpsit on promissory note. Before McCLURE, P. J., of the 17th judicial district specially presiding.

It appeared from the evidence that Martin Grube, an employer of plaintiff, obtained from defendant under alleged fraudulent circumstances a promissory note made by The Wopsononock Resort and Improvement Company (who were indebted to plaintiff), indorsed by defendant.

Subsequently Grube gave the note to the plaintiff, as it was alleged without notice and before maturity, in payment of wages alleged to be due by Grube to the plaintiff. Defendant offered to prove by W. W. Saupp that the witness "saw Martin Grube at Lancaster and that Martin Grube said that Tom Greevy was owing him a bill for whisky, and he was abusing Greevy, and

stated that Greevy owed him then for whisky, a bill for whisky." This for the purpose of showing that Grube was still the owner of the note and exercising acts of ownership over it. Objected to it. Objection sustained.

Verdict and judgment for plaintiff for $156.29. Defendant appealed.

*Errors assigned* were (1) In rejecting the testimony of W. W. Saupp, who was called by the plaintiff to prove that Martin Grube, who originally obtained the note in October, 1893, by fraud, still claimed to be the owner of the same in September, 1895. (2) In stating just before charging the jury, " I am going to let the case go to the jury, certainly, but instructions will be such as to almost indicate the verdict." (3) In charging the jury, and in directing a verdict for the plaintiff, as follows: " The evidence is undisputed that he got it for value before maturity, without notice of any fraud on the part of Mr. Grube, who obtained it from the indorser, Mr. Greevy, and we, therefore, think the verdict in this case should be in favor of the plaintiff for the amount of the note, with interest from January 8, 1894, and protest fees." (4) In not submitting to the jury the question as to whether or not the plaintiff was a holder for value, without notice of the fraud, and that he took the note in good faith.

*John D. Blair*, with him *H. F. Walters*, for appellant.—The plaintiffs were not holders in the usual course of business for a new and valuable consideration, but took the note from the maker himself, without sacrificing any right or parting with any thing of value ; their position did not protect them from the fraud of the maker in his surreptitious possession and use of the note : Lord v. Ocean Bank, 20 Pa. 384 ; Petrie v. Clark, 11 S. & R. 377 ; Depeau v. Waddington, 6 Whart. 220 ; Garrard v. P. & C. R. R. Co., 29 Pa. 154.

As to the question of the burden of proof cited, Holme v. Karsper, 5 Binn. 469 ; Hardware Co. v. Bank, 109 Pa. 240 ; Hutchinson v. Boggs, 28 Pa. 294 ; Lenheim v. Wilmarding, 55 Pa. 73.

*M. M. McNeil*, for appellee.—The note was given for a valid consideration ; there is no evidence that the plaintiff had notice

of any fraud in its procurement—it was the duty of the court to direct a verdict for him; it would have been error had he not done so: Rothermal v. Hughes, 134 Pa. 510.

Justice WILLIAMS, in the case of State Bank v. McCoy, 69 Pa. 204, said that fraud and imposition in obtaining a note will not avoid it in the hands of an innocent indorsee: Moorehead v. Gilmore, 77 Pa. 118; McSparran v. Neely, 91 Pa. 17.

OPINION BY REEDER, J., July 23, 1897:

After the defendant had introduced proof that the note in suit was obtained by Mr. Grube from him fraudulently, the burden was shifted upon the plaintiff to show that he had obtained the note without notice of the fraud for a valuable consideration. That this is the well-settled law of Pennsylvania, there can be no question.

" Where a negotiable note was obtained from the maker under false pretense, and fraudulently put in circulation by the payee, the holder of the note, in order to recover, must show a purchase for value before maturity, without notice of the fraud: " Smith v. Popular L. & B. Assn., 93 Pa. 19.

" To support an action by the endorsee of negotiable paper against the maker, in the first instance it is only necessary for the plaintiff to put the paper in evidence. Then if the defendant proves that the paper was put in circulation by fraud or undue means, his defense will prevail unless the plaintiff establishes that he acted fairly and paid value. This was decided more than twenty years ago in Holme v. Karsper, 5 Binn. 469, and has continued an accepted rule: " Lerch Hardware Company v. Bank, 109 Pa. 240.

In the case under consideration, the course indicated by the last cited case was partially pursued. The note was put in evidence by the plaintiff, and the defendant interposed his defense that the note had been obtained of him by fraud and false representations. Had the defense gone no further, the plaintiff would have been bound in rebuttal to prove that he was an innocent holder for value. He was, to a certain extent relieved of that necessity by the defense calling him for cross-examination, during which he testified that he obtained the note without notice of the fraud, and for a valuable consideration paid by him to Grube.

The burden to establish this was upon the plaintiff, and the jury should have been instructed to render a verdict in favor of the defendant if they did not believe Reeper's statement that he was an innocent holder for value; and there was certainly enough proof in the cause to carry the question of his credibility to the jury.

The first assignment of error will also have to be sustained. The theory of the defense was that Reeper, the plaintiff, was not a bona fide holder of the note; that he was acting for Martin Grube, who was the original payee of the note. When upon the stand, he testified that everything that had been done in regard to the inception and conduct of this action had been done by Martin Grube—he had employed attorneys, retained the custody of the note, and had done all other things that were necessary for the purpose of bringing this suit. At the time it was alleged the note was transferred from Grube to Reeper, no money passed; but Reeper testifies that he accepted it for wages due him from Grube.

In this aspect, as to the theory of an arrangement or conspiracy between them for the purpose of obtaining for Grube the proceeds of a note which he could not recover in an action in his own name, the declarations of Grube as to his ownership of the note at a time subsequent to its alleged transfer from him to Reeper, were certainly admissible as evidence in the cause to go to the jury for their consideration in the determination of their verdict. Therefore, the exclusion of the testimony of W. W. Saupp was error, and the first assignment of error will have to be sustained, as well as the second, third and fourth.

Judgment is, therefore, reversed, and a venire facias de novo awarded.