## DeWitt Wire Cloth Company, Appellant, *v.* Griffith.

*Corporations—Foreign corporations—Actions—Verification of statement of claim—Practice, C. P.*

1. Where the plaintiff in an action of assumpsit is a foreign corporation duly registered and authorized to do business in Pennsylvania, and having a store and sales room in this state, such corporation may verify its statement of claim by the affidavit of the manager of its store in Pennsylvania who is familiar with the transaction out of which the litigation grew.

*Contract—Sale—Designation of carriers—Waiver—Bill of lading.*

2. Where a purchaser of goods directs them to be shipped to his agent in another city, and the seller ships them by a railroad other than that designated, and the purchaser through his agent secures the bill of lading so as to transfer to a customer the control and ownership of the goods, the purchaser will be deemed to have waived the irregularity arising out of transportation by another railroad than that designated in the order.

Argued Oct. 13, 1910.   Appeal, No. 81, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1909, No. 3,196, for defendants on demurrer to statement of claim in case of DeWitt Wire Cloth Company *v.* John R. Griffith and Samuel F. Wilson, now or late trading as Shields & Brother.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Assumpsit for goods sold and delivered.

The statement of claim averred that the plaintiff was a corporation of the state of New York registered in the state of Pennsylvania, with a store and sales room in the city of Philadelphia. It further averred that on February 11, 1908, the defendants gave the plaintiff written orders for certain hardware to be shipped to their agent "John O'Donnell, Atlantic City, N. J., via. Reading R. R." The statement further averred as follows:

And the plaintiff avers that, excepting one roll of thirty-eight inch wire cloth for which the order was subsequently canceled, all of the said goods were shipped by the plaintiff from its factory at Bellville, N. J., via the Pennsylvania Railroad, to the said John O'Donnell at Atlantic City, aforesaid, where the said goods arrived on March 28, 1908, of which fact the defendants, through their said agent John O'Donnell, the consignee, then and there had notice. And shortly thereafter, to wit, on or about March 30, 1908, the said John O'Donnell called at the plaintiff's place of business in Philadelphia, stated that he had notice of arrival of said goods, and requested the plaintiff to procure for the defendants a bill of lading signed by the agent of said railroad company, so that, by indorsing and delivering it to the defendants' customer for whom the said goods had been ordered, their said customer might be able to get the said goods at the railroad depot. In accordance with said request the plaintiff thereupon procured said bill of lading, and on April 2, 1908, delivered the same to the defendants at their store in Philadelphia; and shortly thereafter they, the defendants, turned over the said bill of lading to their said customer, viz.: The Chelsea Hardware Company of Atlantic City, and directed them to get the said goods at the said railroad depot, and thereupon they, the said defendants, sent their said customer their bill for the price of said goods.

And the plaintiff avers that the defendants, by virtue of the facts aforesaid, accepted the goods so delivered by the plaintiff.

Immediately following the shipment of the said goods to the defendants, to wit, on March 25, 1908, the plaintiff sent them an invoice or bill for the larger part of said goods, and a few days later, to wit, on April 6, 1908, the invoice for the balance thereof; and the defendants then and there admitted to the plaintiff the receipt of said goods, delivered as aforesaid, and made no objection to the plaintiff's bill therefor. A true copy of the plaintiff's book of original entries of the goods, so sold and delivered to the defendants, is hereto attached and marked Exhibit "B."

The defendants demurred to the statement. The court entered judgment for defendants on the demurrer.

*Error assigned* was in entering judgment for defendants on the demurrer.

*James S. Williams*, for appellant.—Where a purchaser exercises any acts of ownership of the goods purchased, his acts which are hostile to the rights of the vendor as owner, will indicate an acceptance of them: Parker v. Palmer, 4 B. & Ald. 387; Currie v. Anderson, 2 E. & E. 592; Warden v. Marshall, 99 Mass. 305; Brown v. Nelson, 66 Vt. 660 (30 Atl. Repr. 94); Delamater v. Chappell, 48 Md. 244; Wolf v. Dietzsch, 75 Ill. 205.

The statement was improperly verified: Erie Boot & Shoe Co. v. Eichenlaub, 127 Pa. 164; Johnson v. Smith, 158 Pa. 568; Matter of St. Lawrence & A. R. R. Co., 133 N. Y. 270 (31 N. E. Repr. 218).

*Myles Higgins*, for appellees.—Where a vendor agrees to deliver at a certain distant place, the merchandise is at vendor's risk until actual delivery: Sneathen v. Grubbs, 88 Pa. 147; McNeal v. Braun, 53 N. J. Law, 617 (23 Atl. Repr. 687); Taylor v. Cole, 111 Mass. 363.

The delivery of a bill of lading to a vendee, even though the goods have arrived at destination, cannot operate as a delivery where a constructive delivery has not been

made: Griffith v. Ingledew, 6 S. & R. 429; Jordan v. Wilson, 25 Pa. 390; Hieskell v. Nat. Bank, 89 Pa. 155.

There is no allegation that the defendants did more than accept the bill of lading, which in this case is of no effect whatever: Dannemiller v. Kirkpatrick, 201 Pa. 218.

OPINION BY RICE, P. J., March 3, 1911:

This is an appeal from judgment for defendants on demurrer. The action was assumpsit for the price of goods which, by the defendants' written orders, accepted by the plaintiff, were to be shipped to one John O'Donnell, who was the defendants' salesman and agent at Atlantic City, New Jersey, via the Reading Railroad. The specific reasons assigned in support of the demurrer were, (1) that the statement did not allege a sufficient delivery of the goods, (2) that it was not properly verified.

The second reason is not noticed in the appellees' brief and is not good. The plaintiff being a foreign corporation duly registered and authorized to do business in Pennsylvania, and having its Pennsylvania store and salesroom in Philadelphia, verification of the statement by the affidavit of the manager of its Philadelphia store, through which the sale was made, who was entirely familiar with the transaction, was sufficient: Erie Boot & Shoe Co. v. Eichenlaub, 127 Pa. 164.

The facts relative to delivery, as averred in the statement of claim, are substantially as follows: The goods were shipped via the Pennsylvania Railroad to O'Donnell at Atlantic City, where they arrived on March 28, 1908, of which fact the defendants, through their agent O'Donnell, the consignee, then and there had notice, On or about March 30, O'Donnell called at the plaintiff's place of business in Philadelphia, stated that he had notice of the arrival of the goods, and requested the plaintiff to procure for the defendants a bill of lading signed by the agent of the railroad company, so that by indorsing and delivering it to the defendants' customer for whom the goods had been ordered the customer would be able to

get the goods at the railroad depot. In accordance with this request the plaintiff procured the bill of lading and, on April 2, 1908, delivered it to the defendants, who shortly thereafter turned it over to their customer, the Chelsea Hardware Company, of Atlantic City, directed them to get the goods at the railroad depot, and thereupon sent them the defendants' bill for the price of the goods. The statement further averred that on March 25, 1908, an invoice or bill for the larger part of the goods, and on April 6, 1908, an invoice for the balance, were sent by the plaintiff to the defendants, and that the latter "then and there admitted the receipt of the goods delivered as aforesaid and made no objection to the plaintiff's bill therefor." The effect of the latter averment is not discussed in the paper-books, but even if it be disregarded we think the other facts alleged were sufficient to establish an acceptance of the goods, notwithstanding they were not shipped by the railroad designated in the defendants' orders. It is not pretended that the delivery to a carrier other than that named in the orders was a performance by the plaintiff of its part of the contract, or that the defendants were under obligation to accept the goods when they arrived at the depot of the carrier in Atlantic City. The risk of transportation was upon the plaintiff, and the defendants, if they had chosen to stand on their legal rights, might have awaited actual physical delivery of the goods, either at the depot of the railroad designated in the orders, or, perhaps, at their place of business, before accepting them. However, they did not choose to stand upon the letter of the contract, but by unequivocal acts and declarations showed their intention to waive the irregularity arising out of transportation by another railroad than that designated in their orders and to accept symbolical delivery. Not only so, but their use, with the plaintiff's assent, of the bill of lading to complete a sale they had made to a third person and to transfer to that person the control and ownership of the goods, was entirely inconsistent with the supposition that either party

to the suit thereafter regarded the ownership of the goods as being in the plaintiff. The actual receipt of the bill of lading or other document of title to goods may be equivalent to that of the goods themselves: Burdick on Sales, 75, citing Currie v. Anderson, 2 E. & E. 592; and if the circumstances under which it was delivered, accepted and used show that such was the intention of the parties, it is the equivalent. The principle is thus stated in 1 Benjamin on Sales (6th Am. ed.), sec. 148: "A dealing with goods so as to justify a jury in finding a constructive acceptance may take place as effectively with the bill of lading which represents the goods as with the goods themselves." This statement of the principle is supported by reason and authority. Applying it here it sustains the averment of the statement of claim "that the defendants, by virtue of the facts aforesaid, accepted the goods so delivered by the plaintiff."

The judgment is reversed and judgment is entered in favor of the plaintiff for $430.20, with interest on said sum from May 6, 1908, and costs.