## Horter *v.* Cohen, Appellant.

*Practice—Statement of claim—Absence of verification—Affect—Act of May 14, 1915, P. L. 483—Judgments—Rule to open—Appeals.*

Failure to swear to a statement of claim is in direct conflict with the provisions of the Act of May 14, 1915, P. L. 483 (Practice Act). Such failure constitutes fundamental error and will be considered even where the question was not raised in the court before.

If a statement is not sworn to, its character is not such as is contemplated by the Practice Act; instead of its being a document verified by the sanctity of the oath it is a mere narration and amounts to nothing.

The rule that there must be a valid statement to entitle the plaintiff to judgment has not been changed by the Act of May 14, 1915, P. L. 483; neither does the filing of an affidavit of defense constitute a waiver of defendant's right subsequently to rely upon the deficiency of plaintiff's statement. Where the defect in the statement is such as to entirely deprive it of its legal effect, it should not be allowed to support a judgment when proper application is made to set it aside.

Argued December 14, 1926. Appeal No. 319, October T., 1926, by defendant from order of M. C. Philadelphia County, August T., 1926, No. 615, in the case of Robert M. Horter v. Samuel Cohen. Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Rule to open judgment entered for want of an affidavit of defense. Before CASSIDY, J.

The facts are stated in the opinion of the Superior Court.

The Court discharged the rule. Defendant appealed.

*Error assigned* among others, was the order of the court.

*Victor H. Blane,* and with him *Harry Shapiro,* for appellant.

*Ulysses S. Koons* for appellee.

OPINION BY TREXLER, J., March 3, 1927:

The court below refused to open the judgment which had been entered in this case for want of an affidavit of defense. The reasons that led the court to take this action were that there was an unreasonable delay in taking the rule and that there was no meritorious defense presented. After the matter was decided and an appeal to this court had been taken, it was discovered that plaintiff's statement had not been sworn to. Although this question was not raised in the court below, we are constrained to reverse the case, for the error is fundamental. Failure to swear to the statement is in direct conflict with the Act of May 14, 1915, P. L. 483.

Section 9 of the said act provides that the statement "shall be sworn to by the plaintiff or some person having knowledge of the facts." If not sworn to, its character is not such as is contemplated by the act; instead of its being a document verified by the sanctity of the oath, it is a mere narration, and amounts to nothing. The absence of verification is fatal and it was so held by the Supreme Court in Hutchinson v. Woodwell, 107 Pa. 509, 520. The rule that there must be a valid statement to entitle the plaintiff to judgment has not been changed by the Act of May 14, 1915, P. L. 483, neither does the filing of an affidavit of defense constitute a waiver of defendant's right subsequently to rely upon the deficiency of plaintiff's statement (Parry v. Bank, 270 Pa. 556) and where

the defect in the statement is such as to entirely deprive it of its legal effect, it should not be allowed to support a judgment, when proper application is made to set it aside. Where the affidavit was made by some one not shown to be cognizant with the facts, it was decided that the case was not in a condition to demand any affidavit of defense. Hutchinson v. Woodwell, supra. In that case, as in this, the objection to the sufficiency of the affidavit of claim was not raised in the court below, but it was considered and passed upon by the Supreme Court. In Johnson v. Smith, 158 Pa. 568, the rule of court required plaintiff's statement to be supported by an affidavit. It was sworn to by an agent and it did not appear that he was acquainted with the facts. It was held to have been error to enter judgment for want of a sufficient affidavit of defense. That the plaintiff did not bring themselves within the rule of court and therefore, were not entitled to judgment.

In the present case, the prayer of the defendant is that the court open the judgment. He does not ask to have it stricken from the record. The 21st section of the Act of 1915 may furnish the means whereby matters may be straightened, so that the suit may be properly disposed of.

The order of the lower court is reversed and the record is remitted with the direction that the rule to open the judgment be made absolute.