## Edington v. Philadelphia Transportation Company

*J. V. McDonald,* for plaintiff.

*J. J. Tunney,* for defendant.

SLOANE, J., April 22, 1947.—This "negligence case" was at trial to court and jury; the defense was on and plaintiff was recalled for further cross-examination. He was shown the original of the statement of claim, and was asked as to his signature, and whether he appeared before a notary when he signed it. Plaintiff at first replied he did sign the statement of claim; on further question he was not sure it was his signature; he was fast in his statement that he never appeared before a notary public. His testimony on this score covers a few pages of the record, but the short of it is in this question and answer:

"Will you tell His Honor and the jury if that is your signature or not, if you signed it or not?—yes or no." "A. It looks like, in a way, and in a way, it doesn't; that is the whole story. I never faced any Notary Public."

Thus, in the midst of the trial, indeed near to the close of it, plaintiff found himself without a statement of claim—suspended.

At that pass, there was a conference beyond the jury; then before the jury plaintiff's counsel moved for (1) the withdrawal of a juror and (2) a continuance of the case; and defense counsel moved for (1) a compulsory nonsuit or (2) binding instructions.

The trial judge granted plaintiff's motions to withdraw a juror and to continue the case; defendant was refused both its requests. The rightness of the trial judge's disposition, and defendant's subsequent motion for judgment upon the whole record were argued and are before us for decision: Dalmas v. Kemble, 215 Pa. 410.

Verification, averment under oath or affirmation, is not exemplar. We find no pattern-peremptory, either universal or organic. Thus, under the Federal Rules of Civil Procedure: "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit": Rule 11. "Truthfulness and honesty in pleading are made largely dependent upon subscription of the pleadings, and not verification": 1 Moore's Federal Practice, 616; Montgomery's Manual (4th ed.) 130, §183; Hummel v. Wells Petroleum Co. (C. C. A. 7th), 111 F. (2d) 883, 886. See also Victory v. Manning (C. C. A. 3d), 128 F. (2d) 415. See also as to New York, Gilbert-Bliss Civil Practice of New York, Book 3A, recompiled, 268, §248.

With us it is required, both under the Practice Act of May 14, 1915, P. L. 483, sec. 9, 12 PS §391, and under the superseding Rules of Civil Procedure—rule 1024 as to assumpsit, and as to trespass, see rule 1041; Rule 45 of the Courts of Common Pleas. Cf. Frederick et al. v. McGee, 37 D. & C. 422, 424. We should not face the verification as a procedural formality and treat it lightly. The law requires verification and without it the statement of claim is "mere narration, and amounts to nothing": Horter v. Cohen, 90 Pa. Superior Ct. 174, 175. See Sorrick v. Scheetz, 26 Dist. R. 484; Commonwealth v. Wolf Store Co., 27 Dist. R. 827; Kaufmann & Baer Co. v. Rice, 49 Pa. C. C. 568; Westerman v. Pauling, 22 Luzerne 448; cf. Dunlop v. Kahler, 36 D. & C. 470. And the certainty of "mere narration" was emphasized with the doubt by plaintiff himself as to his subscription.

But defendant is not entitled to a nonsuit. Plaintiff is without a pleading, not without a cause. The distinction sets the end to defendant's request for a compulsory nonsuit. Refusal of the request was right. The

fact is that when plaintiff closed his side of the case and rested, defendant did not move for a nonsuit. It could not, for plaintiff had established prima-faciedness. There was at that point evidence sufficient for the jury on the question of defendant's negligence, and there was no point of finality in law as to plaintiff's contributory negligence. Plaintiff had presented a case free from contributory negligence. It follows that a nonsuit could not be entered for insufficiency of evidence: Act of March 11, 1875, P. L. 6, sec. 1, 12 PS §645. See Kimble v. Wilson et al., 352 Pa. 275. Certainly it cannot be said that a nonsuit was proper because plaintiff was not ready for trial; plaintiff was at trial: Act of March 30, 1812, P. L. 184, 12 PS §644; see Rule 218 of the Rules of Civil Procedure. And finally, under the circumstances of the case there could not be a nonsuit for neglect to bring the "issue on to be tried" (Act of February 21, 1767, 1 Sm. L. 271, sec. 1, 12 PS §641), or because plaintiff did not appear: Act of April 14, 1846, P. L. 328, sec. 2, 12 PS §646. See generally 6 Standard Pa. Practice 16 et seq.

We must dismiss, too, defendant's motion for judgment on the whole record. If the motion be considered under the Act of April 22, 1905, P. L. 286, as amended, 12 PS §681, it must be dismissed because there was no jury verdict. The Act of 1905 deals with judgment notwithstanding a verdict. If the motion be related to the Act of April 20, 1911, P. L. 70, sec. 1, 12 PS §684, it must be dismissed because there was no jury disagreement. The Act of 1911 deals with the situation where the jury disagrees. The necessity of action or disagreement by the jury is explicit to these statutes, respectively. And we suppose no need of citation to make plainer so plain a proposition. To meet the exactions of either statute the jury must have come to its decisional function.

Instantly, the jury did not act, for it did not as yet have the case in its ultimate keeping for its conclusion; the trial was not completed: Bowhall v. Wooleyhan Transport Co., 29 Del. Co. 314.

As we read the brief of defendant's counsel its serious contention is "Plaintiff, by his denial of the execution of the statement of claim, while every opportunity was given to him to affirm it, has impeached his own testimony and discredited himself as to the truth of the happening of the accident. Such a plaintiff who has palpably convicted himself of perjury should not be permitted to flout the court. He has disqualified himself . . . Respect for the court, administration of justice, and the observance of truth in court demands that the plaintiff should suffer the consequences of his own lack of respect for truth."

Of course we must give summary refusal to any attempt to let justice be "smothered in her own robes", and were the situation as quoted we should and would make timely and effective reminder and disclosure of the falsehood or evasion. It is the fact that the statement of claim appears subscribed and verified under oath. But this case has particular conditions—the accident occurred on August 21, 1943, when plaintiff, at Eighteenth and Spring Garden Streets came in contact with a trolley car, and his right hand somehow got under one of the wheels. We need not at this time go into details or to the merits. Suffice it, three fingers were so severely injured that their surgical amputation was necessary. Plaintiff was right-handed, and without the third, fourth and fifth fingers, he had to adjust himself accordingly. In the adjustment his writing and his signature changed as it must with three fingers gone. That may explain his doubt as to his own signature. One can see, by looking, the unsureness or unevenness of the writing.

As to the notarization, the attorney who represented plaintiff and who prepared the statement of claim,[1] is dead. It is possible, though we do not know, that notarization was made when plaintiff was not present. We hasten to say that if that were so, it is an inexcusable wrong. But unless we know, we ought not to fasten the dereliction on plaintiff, a not over-educated layman. For example, he was perhaps not questioned adequately on whether he really knew what a notary public was, and what constituted an acknowledgement before one.[2]

It may be said, or intimated, that we do in this case "what the law calls an astutia to mitigate": Commonwealth v. Snelling, 4 Binney 379, 385. It may be. Certain it is that, if we disposed finally of plaintiff's claim by what occurred, plaintiff has not had his day in court. Plaintiff's cause would be nullified, and he would not be allowed to test his claim on the merits. He will not be able to do so since the statute of limitations has taken its full exaction. Thus, plaintiff may not start another suit. We do not think the cause deserves that kind of final disposition, in the circumstances.

The action of the trial judge in granting plaintiff's motions and refusing defendant's motions is affirmed. Defendant's motion for judgment on the whole record is refused.[3]

---

[1] The statement of claim was filed March 28, 1944. The case was on the trial list a few times and was postponed by defendant to try to get a material witness.

[2] Though at one point in the cross-examination, when plaintiff was asked, "You know what a notary public is, don't you?", he answered "Yes", at another point we have this: "Q. And you never signed it before a notary public?" "A. I didn't face a notary public anywhere, *there was no reason.*" (Italics supplied).

3. Our disposition concerns only what is before us, the trial and the motions made in consequence of the proceedings there. The question of filing a new statement of claim (or complaint as it is now called) is for the court in which the action was brought.