## Altof v. Spartan Inns of America

*Warren W. Bentz*, for plaintiff.
*John M. Wolford*, for defendant.

CARNEY, *P.J..*, June 6, 1980—Defendants' petition to strike and/or open a confessed judgment requires the court to decide whether plaintiff's failure to verify the complaint in judgment can properly support a motion to strike. The court finds that this defect is a fundamental one and defendants' petition to strike shall be granted.

The salient facts are that plaintiff submitted a bid to supply and install bathrooms and fixtures in a motel called the Spartan Inn for defendant. The work was completed at the latest on January 5, 1975. On January 3, 1975 two notes payable on demand were signed by the individual defendants and Joseph J. Sorce as president of the Spartan Inns of America. One note was fully paid by the end of the month and the second, with a face amount of $33,878.45, had substantial payments made as well. On April 25, 1975 this note was appended to a two page form "Complaint in Judgment" (Prothonotary Form 85-1 and 85-2) and a Prothonotary's notice of judgment in the amount of $20,000 was mailed to

defendants. The complaint in judgment had not been verified by plaintiff although its attorney endorsed the complaint and signed as "Attorney for Defendants" pursuant to a warrant of attorney paragraph at the base of Form 85-2. Plaintiff sought execution on this judgment on February 22, 1979 with a total claimed indebtedness of $11,066.66 plus costs. Defendants' petition to strike and/or open followed shortly thereafter, depositions were taken, and briefs by each party were provided to the court.

The court is well aware that a motion to strike may only be granted on errors evident on the face of the record. Clearly under Pennsylvania Rule of Civil Procedure 1024(a) and 2952(i) verification is necessary for the complaint in judgment to be in conformity with the rules. Usually a defective verification is attacked by a defendant's preliminary objections to a complaint, and often courts have permitted amendments so that the procedural prerequisites need not bar a meritorious lawsuit. However, a complaint in judgment needs no responsive pleading and thus a defendant's only opportunity to seek plaintiff's compliance is by use of a petition to strike and/or open. Effectively, verification becomes crucial only when defendant has failed to satisfy the underlying note and plaintiff creditor seeks execution. Thus, defendants cannot be faulted merely because the petition was not filed until after the writ of execution had been issued.

Regardless of the practical explanation of defendants' tardiness in petitioning to strike, venerable case law compels granting the petition. Decisions interpreting the Practice Act of May 14, 1915, P.L. 483, and earlier law speak of verification as essential to the drafting of a pleading containing facts not of record: Hutchinson v. Woodevill, 107

Pa. 509 (1884), Horter v. Cohen, 90 Pa. Super. 174 (1926). While this act has been repealed and its rules changed and restated in our present rules of civil procedure, the cases relating to verification may be seen as viable dictum on Pennsylvania common law procedure. Our present rules make verification a waivable issue, but do not alter the need of verification. Thus, the high standing of verification is unchanged.

Our court will not be alone in granting such relief. In Santilli v. Church, 33 D. & C. 309 (1964) a petition to open was granted where the notary's seal was absent from the affidavit of verification: Avco v. Witherite, 12 Centre Co. 99 (1975) reaches the same conclusion under similar facts. See Houck Et Ux. v. Carnavail, et al, 80 Montgomery 83 (1962) and Taylor Township Election, 79 D. & C. 193 (1951), where failure to verify a pleading resulted in the pleading being stricken. In Edington v. Philadelphia Transportation Co., 59 D. & C. 312 (1947), the court permitted a continuance and withdrawal of the jury where the plaintiff at trial could not identify his signature on the affidavit attached to the complaint. The court said:

"With us (verification) is required under the practice act of May 14, 1915 . . . and the superseding rules of civil procedure . . . we should not face the verification as a procedural formality and treat it lightly. The law requires verification and without it the statement of claims is 'mere narration and amounts to nothing.' Horter v. Cohen, 90 Pa. Superior Ct. 174, 175 . . . " Edington, 59 D. & C. at 314.

It is unnecessary to fully discuss defendants' petition to open in light of the decision above. However, the equitable defense of laches was properly pleaded by plaintiff in its brief in opposition

to defendants' petition. In the instant case the petition to open was filed on March 6, 1979, almost four years after the judgment had been taken, and after defendant in 1977 successfully implored plaintiff to release the liens on two parcels of real property. See deposition p. 85. Under these circumstances the petition to open must be denied. The appropriate order will be entered.

## ORDER

And now, June 6, 1980, it is hereby ordered and decreed that defendants' petition to open be denied. Defendants' petition to strike is granted, and plaintiff's judgment entered at No. 1890-J-1975 and revived at No. 6943-A-1980, is stricken.