## Seymour *et al. versus* Hubert.

1. An executor or administrator is not required to file an affidavit of defence in a suit on a contract made by a decedent where the cause of action arose before the decease of the latter.

2. Executors filed an affidavit of defence to a scire facias to remove a judgment entered in the lifetime of decedent, wherein they set forth that they were informed, believed, and expected to prove that there was nothing due on the judgment, the whole amount having been paid in usurious interest. *Held*, to be a sufficient defence.

January 26th 1877.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.    WILLIAMS, J., absent.

[Seymour *v.* Hubert.]

Error to the Common Pleas, No. 1, of *Philadelphia county :* Of July Term 1875, No. 139.

This was a scire facias to revive judgment *et quare executionem non* issued by Alice Hubert against Sarah Lewis and the executors of Sarah Tingle, deceased.

The judgment was entered December 17th 1873, on a judgment-note given by Sarah Lewis and Sarah Tingle to Alice Hubert. Sarah Tingle died in 1874, and the scire facias in this case issued January 22d 1875, returnable on the first Monday of February 1875. On the 6th of February 1875 the court granted a rule to set the scire facias aside and open the original judgment, and pending this rule, on the 10th of May gave the defendants five days to file an affidavit of defence, proceedings meantime to stay.

On the 12th of May an affidavit of defence was filed by Sarah Lewis, alleging her coverture and minority, and on the 19th of the same month one of the executors of Sarah Tingle filed an affidavit, setting forth that they were informed, believed and expected to prove that at the time of paying the note, decedent was a married woman, and that there was nothing due on said judgment as the whole of the amount claimed had been paid in usurious interest.

The court entered judgment for the plaintiff for want of a sufficient affidavit of defence and this entry was assigned for error.

*J. A. Burton,* for plaintiffs in error.—The entry of judgment was erroneous, as executors are not required to file an affidavit of defence in a suit upon a contract of a decedent : Edwards *v.* Ewing, 4 Yeates 235 ; Leibert *v.* Hocker, 1 Miles 263.

*A. Thompson* and *George Tucker Bispham,* for defendant in error.—Seibert *v.* Hocker, *supra,* simply goes to the extent of holding that when an action is brought on a contract made by a decedent his administrator is not bound to put in an affidavit of defence, the reason being that he is not supposed to be cognizant of the transaction. No decision of this court, however, extends the exception to where the amount of the debt due by the decedent has been actually ascertained by judgment.

Mr. Justice WOODWARD delivered the opinion of the court, February 12th 1877.

For a variety of reasons this judgment cannot be sustained. On the 6th of February 1875, a rule was granted to set the scire facias aside and open the original judgment. This rule was pending and undetermined when judgment for want of an affidavit of defence was entered. But apart from this irregularity it is difficult to discover essential defect in the affidavit made by Joshua P. B. Eddy, one of the defendants. He swore that he had been informed, and believed, that there was nothing due on the judgment, but that the whole amount of it had been paid by illegal and usurious interest

[Seymour *v.* Hubert.]

to the plaintiff; and he averred that he expected to be able on the trial to prove the truth of his statement. It was objected on the argument that the language of the affidavit did not exclude the possible conclusion that the alleged payment was made on the note before the original judgment was entered. Some facts may have been developed in the previous proceedings in the Common Pleas to give foundation for the objection, but no implication of such a conclusion is consistent with the plain terms of the paper itself.

A still more important question is contained in this record. Two of the defendants were sued as executors of Sarah Tingle, deceased. In Leibert *v.* Hocker, 1 Miles 263, it was decided that an executor or administrator was not required to file an affidavit of defence in an action on a decedent's contract. The same rule was applied to a suit against the committee of a lunatic in Alexander *v.* Ticknor, 1 Phila. R. 120. Those decisions expressed what is believed to have been the pervading professional impression in this state. In many, perhaps in all the judicial districts where rules of court, in the absence of statutory provision, have required specific defences to be set out, actions against executors and administrators have been expressly exempted from their operation. Where the practice has been regulated by statute, such actions have uniformly been held not to have been within the legislative intention. Such a construction is indispensable to protect interests that would be otherwise defenceless, and to afford security to creditors, distributees and heirs. In no ordinary case would it be possible for a personal representative to set out on oath in specific detail the nature and incidents of a transaction to which his decedent had been a party and to which he was a stranger. A dead man's estate would be in utter peril, if a creditor could convert his demand into a judgment upon no proof other than the statement of his claim filed at the commencement of his suit. And yet, a rule that would require an affidavit from an executor or administrator would work just that result. On every ground the rule for judgment ought to have been discharged.          Judgment reversed, and *procedendo* awarded.