# Brookville Title & Trust Company, Appellant, v. Beaver Trust Company, Administrator.

*Practice, C. P.—Judgment for want of sufficient affidavit of de-
fense—Rule for judgment—Death of defendant before argument—
Subsequent judgment — Opening judgment — Setting aside judg-
ment.*

1. In a suit on a contract made by a decedent his personal repre-
sentative is not required to file an affidavit of defense as to matters
which arose before decedent's death.

2. The court will not enter judgment against a decedent for want
of a sufficient affidavit of defense, when, under its own rules, had he
lived, he might have added to his defense.

3. In an action against the endorser of a promissory note a rule
was taken for judgment for want of a sufficient affidavit, but the

defendant died before the rule was called for argument. Thereafter decedent's administrator was substituted as defendant, and the rule for judgment was argued and made absolute. Defendant petitioned the court to open and set aside the judgment. The rule of the lower court regulating motions for judgment for want of sufficient affidavits of defense provided that at any time before the application for judgment defendant might file a supplemental affidavit. *Held,* the lower court did not err in opening the judgment.

4. In such case, it seems that the setting aside of the judgment would have been a more appropriate remedy.

Argued Oct. 3, 1916. Appeal, No. 48, Oct. T., 1916, by plaintiff, from judgment of C. P. Beaver Co., March T., 1915, No. 226, making absolute rule to open judgment in case of Brookville Title & Trust Company, a Corporation, v. Beaver Trust Company, Administrator of the Estate of John Spencer, Deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Rule to open judgment. Before HOLT, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court made absolute defendant's rule to open the judgment.

*Error assigned* was the order of the court.

*W. S. Moore,* with him *W. N. Conrad,* for appellant.— Plaintiff was entitled to judgment: Morgan v. King, 27 Col. 539 [63 Pac. 416]; Middleton's Executors v. Middleton, 106 Pa. 252; Abeles & Co. v. Powell, 6 Pa. Superior Ct. 123.

*Lawrence M. Sebring,* for appellee.—The judgment was properly opened: Grossman's App., 102 Pa. 137; Ash v. Conyers, 2 Miles (Pa.) 94; Hagarty v. Thompson, 1 W. N. C. 576; England v. Kelly, 3 W. N. C. 156; Phœnix Brewing Company v. Weiss, 23 Pa. Superior Ct. 519; Johnson v. Smith, 158 Pa. 568.

OPINION BY MR. JUSTICE MOSCHZISKER, May 7, 1917:

John Spencer endorsed a promissory note given to the plaintiff company; suit was brought thereon January 25, 1915; an affidavit of defense was filed February 10, 1915; a rule for judgment for want of a sufficient affidavit of defense was entered March 8, 1915; Spencer died on March 16, 1915, before this rule was called for argument; thereafter the Beaver Trust Company was appointed and duly qualified as administrator of his estate; on June 14, 1915, a suggestion of death was filed in the present case, and Spencer's administrator was substituted as defendant; July 6, 1915, the rule for judgment was placed upon the argument list and, on November 17, 1915, it was made absolute; November 18, 1915, judgment was entered; November 22, 1915, defendant petitioned the court to set aside the judgment on the ground that it was unwarranted in law, and the petitioner asked also that the judgment be opened; December 31, 1915, the latter prayer was granted; plaintiff has appealed.

In an opinion filed with the order appealed from, the learned president judge of the court below states that, while not convinced of the sufficiency of the affidavit of defense, yet he had concluded that the death of Spencer abated the rule for judgment, and hence the court was without authority to enter it.

The rule of the court below, regulating motions for judgment for want of sufficient affidavits of defense, particularly provides that they may be set for argument by either party, and that "at any time before it [the application for judgment] is regularly called for argument......defendant may file a supplemental affidavit." Under this rule of court, Spencer might have supplemented his affidavit at any time up to July 6, 1915, had he then been living; and, ex necessitate, his prior death abated the rule for judgment against him for want of a sufficient defense. In other words, the court could not enter a judgment against a dead man, in a case like the

present, when, under its own rules, had the latter lived, he might have added to his defense.

It is well established in this State that, in a suit on a contract made by a decedent, his personal representative is not required to file an affidavit of defense as to matters which arose before the demise of the former. In Seymour et al. v. Hubert, 83 Pa. 346, 348, citing Leibert v. Hocker, 1 Miles (Pa.) 263, this point is discussed. We there say that the rule just stated is "indispensable to protect interests that would be otherwise defenseless, and to afford security to creditors, distributees and heirs"; and we add, "A dead man's estate would be in utter peril, if a creditor could convert his demand into a judgment upon no proof other than the statement of his claim filed at the commencement of his suit." It is to be noted that Leibert v. Hocker, cited in the case just reviewed, was an action against the executors of an endorser of a promissory note, and that it was there held an affidavit of defense was not required. See also Johnson v. Smith, 158 Pa. 568, 571; Mutual Life Ins. Co. of N. Y. v. Tenan, 188 Pa. 239, 241; Perkins v. Humes, 200 Pa. 235, 240; Helffrich v. Greenberg, 206 Pa. 516, 518.

Under the circumstances at bar, we are not convinced of error in the order appealed from. It may be that granting the prayer of the petition to set aside the judgment would have been a more appropriate remedy, but, since the practice followed is not complained of, a discussion of that point becomes unnecessary.

The appeal is dismissed.