Myers *v.* Rabinovitz, Exrx., Appellant.

Argued March 29, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*David R. Levin,* with him *Joseph Schutzman, Orville Brown* and *Charles A. Wallace,* for appellant.

*Marshall G. Matheny* and *Harry H. Frank,* for appellee, were not heard.

Opinion by Mr. Justice Linn, April 19, 1937:

The appellant is Celia Robbins, formerly Celia Rabinovitz. She complains that her petition to strike off a judgment was refused. The judgment was entered against her, under the name of Celia Rabinovitz in her capacity of executrix of the estate of her deceased husband, Mark L. Rabinovitz, for want of an affidavit of defense. The suit was in assumpsit to recover a debt to the plaintiff contracted by Rabinovitz in his lifetime. He died May 8, 1929. The suit against the executrix was brought February 8, 1930. On motion made in open court April 17, 1930, judgment was granted against the executrix for want of an affidavit of defense. It thus appears that suit was brought within one year from the decease of the debtor and was duly prosecuted to judgment. It continued the lien of the decedent's debt against his real estate "longer than one year after the decease of such debtor" as permitted by the Fiduciaries Act of 1917, P. L. 447, 20 PS section 521, as amended.[1]

---

[1] Section 15(a) provides—"No debts of a decedent, including the cost of settlement of the estate and the funeral expenses of the decedent, except as provided in clauses (b), (g), and (h) hereof, shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed, within said period, against the decedent and such executor or administrator, in the judgment index in the county in which such action is brought, and also in the county in which the real estate sought to be charged is situate, and be duly prosecuted to judgment; and then to be a lien only for the period of five years, unless the same be revived by writ of scire facias against the decedent, his heirs, executors or administrators, and the devisee, alienee, or owner of the land sought to be charged, in the manner now provided in the case of the revival of judgments.

"The plaintiff may, at his election, join such surviving spouse and heirs, and the devisee, alienee, or owner of the land, in such original action; in which event such action shall be indexed, as aforesaid, against all defendants so joined."

On May 7, 1935, a scire facias to revive was issued and on March 19, 1936, judgment was entered for want of an affidavit of defense. Appellant now contends that the judgment of April 17, 1930, for want of an affidavit of defense was entered without legislative authority and should therefore be stricken from the record, carrying with it the subsequent proceedings to revive. This contention is based on the proposition that the Practice Act of 1915, P. L. 483, 12 PS section 382 et seq. does not require that an action of assumpsit brought against an executor to recover a debt contracted by decedent shall be put at issue by an affidavit of defense. The argument is based on a misapprehension of the scope of the statute. Prior to the Practice Act no affidavit of defense was required of an executor.[2] It was not a pleading; its office was to prevent summary judgment by default[3]: *Muir v. Insurance Co.*, 203 Pa. 338, 53 A. 158. By the Practice Act the affidavit of defense has become a pleading to raise and make certain the issues to be tried. In changing the purpose of the affidavit in actions of assumpsit from a paper designed to prevent summary judgment to a pleading establishing the issues for trial, the legislature made a material change in the policy of the law governing procedure in such actions.

The practice was established for all actions of assumpsit and trespass except libel and slander: section 1. Pleas were abolished and it was provided that defenses theretofore raised by recognized pleas "shall be made in the affidavit of defense": section 3. An affidavit of defense was required within a given time but it was provided "that counties, cities, boroughs, townships, school districts, and other municipalities shall not be

---

[2] On this subject see *Seymour v. Hubert*, 83 Pa. 346; *Perkins v. Humes*, 200 Pa. 235, 49 A. 934.

[3] For the history of the affidavit of defense see Amram, Pennsylvania Practice, (1930 ed.) Vol. 1, page 60, et seq. and note reported in 3 W. N. C. 567, containing a copy of the agreement signed by members of the Supreme Court bar September 11, 1795.

required to file affidavits of defense": section 12, as amended May 3, 1917, P. L. 149. For trespass, the requirement and scope of the affidavit were specifically limited: section 13. Not only does the Act require that the issues theretofore made by pleas shall thereafter be made by affidavit of defense, with specified limitations in actions of trespass, and with an exception[4] relieving municipalities altogether, but there is express recognition that an executor should file an affidavit of defense in section 7 which provides that "When the affidavit of defense, or plaintiff's reply, is made by an executor, administrator, guardian, committee, or other person acting in a representative capacity, he need only state the facts he admits to be true, and that he believes there is a just and legal defense to the remainder, and the facts upon which he bases his belief." The authority to enter judgment for want of an affidavit is contained in section 17. As the executrix failed to comply with the statute, judgment for default was authorized.

The cases relied on by counsel for appellant do not help her. The first, *Brookville Title and Trust Co. v. Beaver Trust Co., Administrator*, 258 Pa. 139, 101 A. 944, was a case in which the defendant died after filing an affidavit of defense. His administrator was substituted and thereafter a rule for judgment for want of a sufficient affidavit of defense was made absolute. On the application of the administrator the judgment was opened on the ground that the court had no authority to enter the judgment against the dead man. What was said in the opinion about not requiring an affidavit of defense from a personal representative related to the law prior to the Practice Act; the entire transaction occurred before the Act became effective, section 1 providing January 1, 1916, as the effective date. The other

---

[4] ". . . and the rule is well settled that an exception in a statute excludes all other exceptions": *Olive Cemetery Co. v. Philadelphia,* 93 Pa. 129, 131.

case relied on is *Federal Land Bank v. King,* 294 Pa. 86, 97, 143 A. 500, from which appellant quotes that "No judgment can be entered against [the administrator] since he was not required to file an affidavit of defense." That does not help the appellant because the action was a scire facias sur mortgage for which statutes provide the procedure: *Bruckman L. Co. v. Pitts. Ins. Co.,* 307 Pa. 561, 564, 162 A. 204; Compare *Herron v. Stevenson,* 259 Pa. 354, 356, 102 A. 1049. It was not an action of assumpsit governed by the Practice Act of 1915.

In view of the conclusion reached it is unnecessary to discuss other contentions made by the appellant.

The judgment is affirmed.