BROOKS-WRIGHT, INC., A BODY CORPORATE, PLAINTIFF, v. MARYLAND CASUALTY COMPANY, LIKEWISE A BODY CORPORATE, DEFENDANT.

Argued November 2, 1940—Briefs Submitted November 24, 1940— Decided December 20, 1940.

Before Justice HEHER, at the Passaic Circuit.

For the motion, *Coult, Salz, Tomlinson & Morse (Joseph Coult, Jr.,* of counsel).

*Contra, Peter Cohn.*

HEHER, J. The question for consideration is whether a petition for removal, for diversity of citizenship, under section 28 of the Federal Judicial Code, presented after the filing of an affidavit of merits in accordance with demand made pursuant to rule 77 of this court and also after the expiration of the period limited therefor, but before formal answer and within the term appointed for pleading, is timely under section 29 of the Code. 28 *U. S. C. A.,* §§ 71, 72. I entertain the view that it is not.

By virtue of the provision last cited, the petition for removal may be filed "at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff * * *." But the phrase "answer or plead" is not deemed to have been used in the strictly technical sense, for in *Martin* v. *Baltimore and Ohio Railroad Co.,* 151 *U. S.* 673; 14 *S. Ct.* 533; 38 *L. Ed.* 311, the Supreme Court in a deliverance by Mr. Justice Gray declared that, viewing the provision in the light of the natural meaning of the words and the history of the legislation upon the subject, "the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined" in the Federal court. He observed that the language contained "no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, whether in matter of law by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on pleading to 'oppose or answer' the declaration or complaint which the defendant is summoned to meet." And in the later case of *Powers* v. *Chesapeake and Ohio Railroad Co.,* 169 *U. S.* 92; 18 *S. Ct.* 264; 42 *L. Ed.* 673, the same jurist said that, where the cause as narrated in the declaration is a removable one, "the defendant should file his petition for removal at or before the time when he is required by the law or practice of the state to make any defense whatever in its courts."

Thus it is that, in the ultimate analysis, the nature and function of the affidavit of merits under our local practice are determinative; and this inquiry will therefore be served by a consideration of the history of the requirement. While not in itself a pleading, the affidavit of merits is an integral part of the procedure laid down for the interposition of a defense, so much so that the filing thereof, where due demand

has been made, is a *sine qua non* to the exercise of the right of making particular answer within the time allotted by rule 76 of this court. Such affidavit is "required in order to set in motion a 'course of pleading' in the true sense of the word." *Blum* v. *Jersey City Lumber Co.*, 112 *N. J. L.* 65. The rationale of this procedure "is to prevent the defendant from delaying judgment by recourse to pleadings or proceedings incidental thereto, unless the situation is such that he, or his agent or attorney, may truthfully swear to a belief in the existence of a just and legal defense to the action on the merits, and unless an affidavit of that content be speedily filed." *Morris Plan Co.* v. *Lorber*, 11 *N. J. Mis. R.* 67. It has its genesis in statutes designed to preclude dilatory pleas and to speed the day of judgment where the defendant, intent on making defense, did not introduce an affidavit made by him, or his agent or attorney, solemnly affirming the affiant's belief in the existence of a meritorious defense.

Under section 114 of the Practice act of 1874, the defendant in every action at law was required to file with his plea or demurrer an affidavit made by him, or, "in his absence," by his "attorney or agent in the action," stating that such pleading was "not intended for the purpose of delay," and that the affiant believed that the defendant had "a just and legal defense" to the action on the "merits of the case," in default of which the plea or demurrer was treated as a nullity. By section 115, no dilatory plea was receivable without the "offer" of "an affidavit proving the truth thereof," or the showing of "some probable cause to the court to induce them to believe that the matter therein set forth is true." *Rev. Stat.* 1877, *p.* 866. Then came the supplement of 1889, providing that, in any action upon contract, plaintiff should be entitled to judgment in default of the filing of an affidavit of merits, demanded as therein prescribed, within ten days from the date of service of a copy of the declaration. *Pamph. L.* 1889, *p.* 334. The substance of this provision was incorporated in section 97 of the Practice act of 1903. *Pamph. L.* 1903, *pp.* 537, 565; *Comp. Stat.* 1910, *p.* 4080. And it was carried into the 1912 supplement to the Practice Act as rule 56. *Pamph. L., pp.* 377, 394. As noted, it is now rule 77.

Construing the act of 1889, *supra,* not long after its adoption, Mr. Justice Reed at the Atlantic Circuit said: "But the affidavit, whether preceding or accompanying the plea, as under the former practice, is still a part of the plan by which the defendant sets up his defense. A person who formerly failed to file his affidavit, failed to plead. And a defendant, who fails under the act of 1889 to file an affidavit within the ten days, fails to perform a condition upon which his right to plead depends, and so fails to plead." *Keim* v. *Eble,* 13 *N. J. L. J.* 239.

That conception of the fundamental nature of the affidavit of merits has since gone unchallenged. Though it need not embody a specification of defenses, it is so identified with the answering procedure as to be inseparable from it, since noncompliance with due demand therefor entitles the plaintiff to final judgment by default. While not technically a pleading, it is yet an answer that the defendant has "a just and legal defense to the action on the merits of the case," and a formal pleading of matters in bar of the action, by particular statement designed to frame an issue of fact or of law, is permissible only in case the proposed defense is thus authenticated. The filing of the affidavit is an "answer" in the view of the federal statute. It is an essential step in the interposition of a defense, not less so than the specific pleading necessary to the formulation of a triable issue in a manner designed to serve the substantial rights of the parties, for a default in this respect puts an end to pleading and the plaintiff may have judgment. The right thus to plead defenses is conditioned upon the filing of an affidavit of merits, where demand therefor has been made; and so the affidavit is a component part of the answer. Non-compliance with such demand precludes the right to present a defense even though judgment by default has not been entered, unless leave to defend is granted by the court. *VanDyck* v. *Oliphant,* 13 *N. J. L. J.* 45; *Morris Plan Co.* v. *Lorber, supra.* Rule 3 of the schedule annexed to the Practice act of 1912, *supra* (now rule 217 of this court), authorizes the extension of the time for filing such affidavit, either before or after the expiration of the time prescribed by rule 77. And the arrival of

the time for the entry of judgment by default ordinarily terminates the right of removal. The plaintiff's failure to enter judgment does not serve to extend the time for exercising the right. *Kansas City, Ft. S. & M. R. Co.* v. *Daughtry,* 138 *U. S.* 298; 11 *S. Ct.* 306; 34 *L. Ed.* 963; *Southern Pacific Co.* v. *Stewart,* 245 *U. S.* 562; 38 *S. Ct.* 203; 62 *L. Ed.* 472; *Southwestern Power Co.* v. *Price,* 180 *Ark.* 567; 22 *S. W. Rep.* (2d) 373, *cert. den.* 281 *U. S.* 753; 50 *S. Ct.* 353; 74 *L. Ed.* 1163; appeal dismissed, 281 *U. S.* 703; 50 *S. Ct.* 407; 74 *L. Ed.* 1128.

It is of no significance that this requirement does not extend to actions *ex delicto,* and that twenty days are allowed for answering in cases of this class. There are obvious grounds of distinction; and it is not asserted, nor could it plausibly be, that this regulation of actions *ex contractu* is unreasonable as regards the exercise of the right of removal.

The case of *Muir* v. *Preferred Accident Insurance Co.,* 203 *Pa.* 338; 53 *Atl. Rep.* 158, is in point. Though, unlike our affidavit of merits, the affidavit of defense under the Pennsylvania practice was then required to be specific, it served the same function. It was "no part of the pleadings," but "a mere step or incident of the proceedings, required in order to prevent a summary judgment by default." Its office in this respect was "precisely analogous to that of an appearance required to be entered after service of a writ in order to avoid a judgment by default for want of it," while "The wholly different function of a plea" was "to raise and make certain the issue on which the controversy between the parties" was "to be fought out," with which the affidavit of defense had "nothing to do," but could "be entirely disregarded, and the case put at issue on other grounds." Yet it was held that, under the principle of *Martin* v. *Baltimore and Ohio Railroad Co., supra,* "the necessity of an affidavit of the defense was clearly within the requirement that some defense should be made," and so a petition for removal was held not maintainable after the expiration of the time limited for the filing of such affidavit. In *Pilgrim* v. *Aetna Life Insurance Co.,* 234 *Fed. Rep.* 958, Judge Rellstab expressed the view that "The legislative purpose in changing the time within which

the removal was to be made seemingly was to require the suitor to make his election of the forum in which the case was to be tried before he submitted himself to the jurisdiction of the state court." And in *Powers* v. *Chesapeake and Ohio Railroad Co., supra,* it is said that the provision for removal clearly manifests the intention of Congress that the petition therefor "should be filed at the earliest possible opportunity." See, also, *Ricciardi* v. *Lazzara Baking Corp.,* 32 *Fed. Supp.* 956; *A. Overholt & Co.* v. *German-American Insurance Co.,* 155 *Fed. Rep.* 488.

It is not to be lost sight of that the legislative design, by the current statute, was to contract the jurisdiction of the federal courts, enlarged by intermediate enactments beyond that conferred by the act of 1789, "and to restrict it more nearly within the limits of the earliest statute." *Martin* v. *Baltimore and Ohio Railroad Co., supra.* Under the act of 1789, the application for removal was directed to be made when the defendant entered his appearance, while the act of 1866 authorized the making of the application at any time before the trial or final hearing of the action. *Vide Kansas City, Ft. S. & M. R. Co.* v. *Daughtry, supra.* In *Wabash Western Railway Co.* v. *Brow,* 164 *U. S.* 271; 17 *S. Ct.* 126; 41 *L. Ed.* 431, Mr. Chief Justice Fuller observed that, while there was an omission from the act of 1887 (the current statute in this regard is its counterpart) of the requirement of the act of 1789 that the petition for removal be filed by the defendant "at the time of entering his appearance in such state court," the omission was "probably  *  *  *  of no special significance."

Whether an extension of time to make answer, by rule of court or stipulation of the parties made before the occurrence of the default, serves also to extend the time for presenting a petition for removal is a question which has evoked sharp divergence of opinion. *Bankers Securities Corp.* v. *Insurance Equities Corp.* 85 *Fed. Rep.* (*2d*) 856; 108 *A. L. R.* 960; *Pilgrim* v. *Aetna Life Insurance Co., supra; First National Bank of Garrett* v. *A. E. Appleyard & Co.,* 138 *Fed. Rep.* 939; *Wilson* v. *Big Joe Block Coal Co.,* 135 *Ia.* 531; 113 *N. W. Rep.* 348; *Annotations* 28 *U. S. C. A.,* § 72, *notes*

56, 57. But it seems to be the generally accepted rule that such extension of time, made or entered after a default entitling the plaintiff to judgment, does not operate to revive the lost right of removal, in the absence of an agreement or waiver or of circumstances creating an estoppel. 108 *A. L. R.* 978. It has been held by the Federal Supreme Court that "the time of filing a petition for removal is not essential to the jurisdiction; the provision on that subject is * * * 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel." *Mansfield, C. & L. M. Railway Co.* v. *Swan,* 111 *U. S.* 379; 4 *S. Ct.* 510; 28 *L. Ed.* 462; *Powers* v. *Chesapeake and Ohio Railroad Co., supra.*

It results that the petition for removal came too late; and it is accordingly dismissed.