## Bell, Secretary of Banking, v. O'Connor's Executors et al. No. 3

*H. C. Hubler*, for plaintiff.

*J. Desmond Kennedy* and *R. E. O'Brien*, for defendants.

*Russell J. O'Malley*, for additional defendant.

LEACH, P. J., March 12, 1941.—When the Miners Savings Bank & Trust Company of Olyphant went into the

hands of the receiver, it was liquidated and certain assessments were made against the shareholders, amongst them being an assessment of 20 shares against the estate of John O'Connor, deceased.

The executors of his estate filed an affidavit of defense in which they set forth that these 20 shares of stock had been sold by John O'Connor in his lifetime to Dan G. Jones, then deceased, in the lifetime of the said Jones, and by proper procedure they brought in the estate of Jones as an additional defendant to answer.

Jones' administratrix sets forth in her answer that she believes that the shares of stock which had been assigned to Jones were never the property of Jones, but were held by him as collateral security for a personal loan by him to O'Connor. If such be the case, the Jones estate has a perfect defense and the O'Connor estate is liable for the assessment on the 20 shares. If it be decided that it was a sale, then the O'Connor estate is not liable for the assessment and the Jones estate is liable. This is a question of fact for a jury.

There is no doubt that under the Practice Act of May 14, 1915, P. L. 483, and Myers v. Rabinovitz, Executrix, 326 Pa. 183, an executor or administrator is required to file an affidavit of defense. However, it does not require a vain thing, and it does not expect that an executor or an administrator can obtain knowledge that was possible only to decedent. Therefore, in the words of the Practice Act (sec. 7) : ". . . he need only state the facts he admits to be true, and that he believes there is a just and legal defense to the remainder, and the facts upon which he bases his belief."

Jones' administratrix, having set forth that O'Connor received the dividends from the bank stock and that the stock remains in O'Connor's name, and she believes that the assignment and the possession of Jones was merely as collateral security, has raised an issue of fact which must be determined by a jury.

Now, March 12, 1941, rule for judgment for want of sufficient affidavit of defense is discharged.