## MOLESWORTH *v.* SCHMIDT

[No. 198, October Term, 1949.]

*Decided July 19, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*George B. Woelfel* for the appellant.

*George W. Baker, Jr.,* with whom was *James C. Morton, Jr.* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

George C. Schmidt (plaintiff) sued Carlton L. Moles-worth (defendant) in the Circuit Court for Anne Arundel County on the 14th day of May, 1949. The declaration contained the following common counts: (1) For goods bargained and sold; (2) For work done and materials provided; (3) For money found to be due on accounts

stated between them; and claimed $1,000. There was an affidavit in support of a motion for summary judgment by the plaintiff "that there is justly due and owing by * * *, the Defendant in the within named case, to the Plaintiff on annexed account, the sum of $532.18, (with interest from December 15, 1947,) over and above all discounts * * *". The account attached to the narr shows items from December 12, 1946, to May 23, 1947, with various credits, leaving a balance due of $532.18. On July 5, 1949, the defendant answered under oath the motion for summary judgment, and on the same day filed pleas: 1. That he never contracted as alleged and 2. that he never was indebted as alleged. The case was tried before a jury which rendered a verdict of $532.18, and judgment was subsequently entered thereon, from which the appeal in this case was taken.

It appears from the record that counsel for the respective parties intended to file in the case an agreed statement of facts. There were minor details on which they could not agree. The result was that counsel for appellant submitted a statement of facts, signed by him, which was approved and signed by the court; counsel for appellee also submitted a statement of facts signed by him, to the court, which was approved and signed by the court. Both of these statements of fact are contained in the record, and we have carefully checked them. The difference between them is unimportant and trivial. The appellee moves to dismiss the appeal because Rule 22 of this court was not followed or complied with. That rule permits the parties to a cause to submit a signed "statement of the case showing how the questions arose and were decided and setting forth so much only of the facts alleged and proved, or sought to be proved, as is essential to a decision of such questions by the Appellate Court. Such statement, when filed in the office of the Clerk of the lower Court shall be treated as superseding, for the purposes of the appeal, all parts of the record other than the judgment or decree from which the appeal is taken, and, together with such judgment or decree,

shall be copied and certified to the Appellate Court as the record on appeal."

Rule 18 of this court provides that "if any difference arises as to whether the record truly discloses what occurred in the lower Court, the difference shall be submitted to and settled by the Court and the record made to conform to the truth". In this case the court dealt with trivial differences between counsel as to what the agreed statement of facts should contain. As we view the matter, the facts contained in each statement submitted to the court are substantially the same, and the appeal should not be dismissed. In expressing this view we do not wish to be understood that the rules of this court respecting the preparation of records will in any way be relaxed, nor that the opinions of this court concerning the matter are in any way modified. The motion to dismiss is denied.

From the record and the statements at the argument by respective counsel, the facts of this case may be stated as follows: On September 28, 1946, appellee entered into a written contract with the appellant to construct a cellar for the appellant under a certain property, for the sum of $1,590. The work under this contract was completed in December, 1946, and the full contract price of $1,590 was paid by appellant to appellee on January 2, 1947. In May, 1947, the appellant entered into an oral contract with appellee whereby appellee was to lay a flagstone walk around the property in which the cellar had been constructed under the written contract referred to; and appellee claims he has fully performed the work under the oral contract, but the appellant has refused, and still refuses to pay him therefor. At the trial of the case the appellant contended that the written contract and the verbal contract were one and the same, and that the account filed with the declaration for the purpose of supporting a summary judgment constituted a bill of particulars. He contended that the work performed under the written contract, in the construction of the cellar, was not prop-

erly done, and that it would cost him, to put the cellar in the condition that it should have been put in under the written contract, more than the plaintiff's claim of $532.18 for laying the flagstone walk. He said his claim against the appellee would cancel out the appellee's claim against him for the laying of the flagstone walk and that he is entitled to do this by way of recoupment. The lower court denied this contention.

The appellee's position is that the itemized claim filed with the declaration was for the purpose of supporting a summary judgment and that it is not a bill of particulars.

In *United States to use of General Electric Co. v. Schofield Co.,* C. C., 182 F. 240 at page 245, in speaking of an answer under oath to a motion for summary judgment, it is said: "It is not a pleading; it is not the equivalent of an answer under the Code practice, or of a plea under the practice at common law. Its function is to prevent a summary judgment, and after it has performed this office it drops out of sight. It need not set up a defendant's whole case; it need do no more than show one sufficient reason why summary judgment should not be entered. If required to examine it, the court must do so and decide whether, if true, it presents a defense that should be sustained in whole or in part; and, if such a defense be set up, summary judgment must be refused, and the parties must be left to frame their issues for trial as they may see fit. The affidavit may attack the plaintiff's statement of claim for almost any reason, and may set up almost any other defense that may be available."

In *Brooks-Wright, Inc. v. Maryland Casualty Co.,* 126 N. J. L. 32, 17 A. 2d 51, 53, it is said: "While not in itself a pleading, the affidavit of merits is an integral part of the procedure laid down for the interposition of a defense, so much so that the filing thereof, where due demand has been made, is a *sine qua non* to the exercise of the right of making particular answer within the time allotted by Rule 76 of this court. Such affidavit

is 'required in order to set in motion a "course of pleading" in the true sense of the word.' " See *United States v. Stephanidis,* D. C., 41 F. 2d 958; *Myers v. Rabinovitz,* 326 Pa. 183, 191 A. 660.

From these authorities we conclude that the itemized statement for the purpose of supporting a claim for a motion for summary judgment was not a bill of particulars. The purpose of the motion and the itemized claim was to require the defendant, upon due notice, to file an answer under oath, stating a fact or facts that negatived the appellee's right to summary judgment. The facts set up in the answer must be of the character that would be legally admissible in the trial of the case. The court has power to hear the motion and answer, to decline or grant the motion, or to require further proof. 1947 Supplement to Code, pages 2044-5-6, IV. Summary Judgment, Rules 1-7.

The answering of the motion for summary judgment by the appellant was an indispensable condition to his right to plead to the declaration. He answered the motion for summary judgment, and, thereafter pleaded to the declaration. He did not demand a bill of particulars or file a plea of set-off.

In this case the first contract between these parties was a written contract entered into in September, 1946, fully performed by December 1946, and the appellant paid appellee in full for services under that written contract in January, 1947. The oral contract, which was entered into in May, 1947, for the laying of the flagstone walk, was separate and distinct from the written contract. It was stated in argument that the lower court gave appellant an opportunity to show if there was any connection between the written contract and the oral contract. This he could not do. It is manifest that he could not offer by way of recoupment, any damage resulting to him by reason of a breach of the written contract. *Simmons v. Haas,* 56 Md. 153.

*Judgment affirmed, with costs.*