WHALEN, ET AL. *v.* DEVLIN LUMBER & SUPPLY CORPORATION

[No. 343, September Term, 1967.]

*Decided October 8, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, McWILLIAMS, FINAN and SMITH, JJ.

*Robert Windsor* for appellants.

*T. Robert Romero,* with whom were *Romero & Romero* on
the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

On August 1, 1962, the appellee, Devlin Lumber & Supply
Corporation (Devlin) entered into a written contract with
Grandin Construction Company, Inc. (Grandin) for the exten-
sion of credit for lumber materials supplied to Grandin. On that
date, Raymond J. Whalen and Regina D. Whalen, appellants,
agreed jointly and individually to guarantee the payment of any
charges that were due from Grandin. After default by Gran-
din, Devlin brought suit in the Circuit Court for Montgomery
County against Grandin as primary debtor and against the ap-
pellants as guarantors on the open account. Summary judgment
was rendered against Grandin for the amount claimed. Devlin
also filed a motion for summary judgment against the Whalens.
The latter filed general issue pleas and a plea asserting that
Devlin had waived any rights it may have had against the
Whalens by virtue of the alleged guaranty agreement. They al-
so filed affidavits in opposition to the appellee's motion for sum-
mary judgment, denying liability on the guaranty contract on
the grounds of estoppel and waiver by Devlin. The lower court
ruled in favor of Devlin on the basis that the appellants' affi-
davits did not sufficiently show a genuine issue of fact or a
genuine defense to the claim, and that Devlin was entitled to
judgment as a matter of law. The Whalens have appealed from
the judgment entered against them.

In reaching its decision the lower court relied upon Maryland Rule 610 d 1 which provides in pertinent part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In their affidavits in opposition to summary judgment, the appellants asserted defenses of estoppel and waiver in that they alleged all checks payable to Grandin were payable to the order of Grandin and appellee as joint payees; that the appellee had control over an amount sufficient to pay the account; that appellee had a duty and obligation to protect itself and the individual guarantors (appellants); that the appellee failed to apply these monies to the payment of the debt; and that as a result appellee is estopped from asserting its claim against the guarantors on their contract. We hold that these affidavits raised a genuine dispute as to a material fact and that Devlin was not entitled to judgment as a matter of law.

Generally, any act or omission on the part of the creditor or beneficiary of the guaranty in breach of his duty under the guaranty contract which increases the guarantor's risk or otherwise injures his rights and remedies, discharges the guarantor from his liability under the guaranty, at least to the extent of the injury so sustained. As stated in 38 Am. Jur. 2d, *Guaranty,* Section 84:

> "Where the creditor, having had other security for payment of the debtor's obligation, releases or diverts that security, the guarantor is generally discharged to the extent of the value of the collateral released or diverted. The creditor, having thus had security for payment of the debt, is deemed to have stood toward the guarantor in the position of trustee and, because he has breached that trust duty, may not hold the guarantor liable."

The case of *Dickerson Lumber Co. v. Herson,* 230 Md. 487, 187 A. 2d 689, is apposite. In that case, a lumber supply company furnished materials to a builder who constructed the de-

fendants' house. The lumber company sued to enforce a mechanic's lien against the house. The progress payments to the builder were made payable jointly to the builder and the plaintiff. The builder endorsed the checks, and turned them over to the plaintiff. Instead of applying these checks to reduce the amount owed for materials supplied to the defendants' house, the plaintiff applied them to other bills owed by the builder. To this extent this Court found that the plaintiff was estopped from enforcing a lien. *Cf. Stavrou v. Beacon Supply,* 249 Md. 451, 240 A. 2d 278.

The function of an affidavit in opposition to a motion for summary judgment was set out in *Molesworth v. Schmidt,* 196 Md. 15, 75 A. 2d 100, citing *United States to use of General Electric Co. v. Schofield Co.,* 182 Fed. 240 (E.D. Pa.): "[An affidavit in opposition] need not set up a defendant's whole case; it need do no more than show one sufficient reason why summary judgment should not be entered. If required to examine it, the court must do so and decide whether, if true, it presents a defense that should be sustained in whole or in part; and, if such a defense be set up, summary judgment must be refused . . . ." If the allegations presented in the appellants' affidavits were proved at trial they would constitute a valid defense. Thus, we find that the affidavits negated summary judgment because they raised a material question of fact; that is whether Devlin had breached a duty to the appellants by failing to apply available funds to the Grandin account. Under these circumstances the lower court erred in granting summary judgment.

> *Judgment reversed and case remanded for further proceedings. Costs to be paid by appellee.*