ROBERT WAYNE CARTER, Infant, etc. et al. *v.* BALTIMORE GAS AND ELECTRIC COMPANY

[No. 260, September Term, 1974.]

*Decided May 2, 1975.*

The cause was argued before THOMPSON, POWERS and MENCHINE, JJ.

*Frank B. Cahn, II,* with whom was *E. Thomas W. Stahl* on the brief, for appellants.

*James H. Cook,* with whom were *Robert A. Amos* and *James A. Biddison, Jr.,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

The ultimate question to be decided in this case is whether on the facts properly before it, the lower court erred in granting defendant's motion for summary judgment. To answer the ultimate question we must determine what facts were properly before the court.

Suit was brought in the Circuit Court for Baltimore County on 14 August 1972 on behalf of Robert Wayne Carter, an infant, by his parents, Lance Carter and Marie Carter, as next friends, and by the parents individually, asserting a derivative claim. Baltimore Gas and Electric Company, appellee here, was named as the sole defendant. The declaration sought compensatory damages for injuries sustained by Robert, then 13, on 24 June 1972, on the Gas and Electric Company's property. The claim of the parents was for medical expenses incurred as a result of Robert's injuries, and for loss of his services.

In summary, the declaration alleged that the Company operated a power transformer plant at Eastern Boulevard in the Essex area of Baltimore County; that for about a year prior to the injury, neighborhood children habitually rode

their motor bikes onto the Company's property without objection; that the Company, its agents, servants and/or employees were aware and had knowledge of such activity; that about four months before the injury a cable and wood post fence was erected on the property, leaving open and unobstructed for ingress and egress a driveway entrance approximately 15 feet wide; that about four days before Robert's injury a ³/₈ inch wire cable was strung across this opening at a height of 36 inches from the ground, for the purpose of impeding the ingress and egress of anyone using the driveway.

The declaration further alleged that the Company was negligent in causing the cable to be placed across the driveway "in that they gave no warning of its construction, nor did they provide for its proper visibility, and did not extend any signs or signals of any nature to indicate the presence of said cable to those known to depend on said open driveway." It further charged that the act of the Company "was a willful and wanton act in that the purpose of erecting such cable, the nature of which is that of a tripwire, without providing signals or a warning of any nature was to entrap persons known to use Defendant's property for purposes other than the conduct of the Defendant's business".

Following these allegations describing the condition of the Company's property, the declaration went on to allege that at about 3:00 P.M. on 24 June 1972 the infant plaintiff, while driving his motor bike along the trail on the Company's property, "exercising due care and being given no warning of the danger of said cable, drove through [the] driveway which he was accustomed to being free of obstruction and was caught under the chin by said cable and knocked off of his motor bike", and sustained serious injuries.

After a demurrer to the declaration was overruled, pleas in bar were filed, and the case was at issue on 5 January 1973. Thereafter various proceedings, consisting of interrogatories, answers, motions for production of documents, notices to take depositions, and the like, followed. All appear to relate in one way or another to preparation by the use of discovery procedures. The docket

does not reflect that depositions actually were taken, nor does the record contain a transcript of any deposition.

On 1 March 1974 the Company filed a motion for summary judgment, which referred, as support for the motion, "to the attached Affidavit, Points and Authorities, and to Answers of the Plaintiff to Interrogatories". The Carters filed an answer to the motion, asserting that "there is a genuine dispute as to material facts in this matter". Filed with the answer was a memorandum of points and authorities, signed by counsel, but lacking the requirements of evidentiary quality.

Maryland Rule 610 prescribes the summary judgment procedure. It provides, in § d 1 in part:

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The latest of the many cases in which the Court of Appeals has discussed and explained this procedure is *Lynx, Inc. v. Ordnance Products*, 273 Md. 1, 327 A. 2d 502 (1974). There the Court said, at 7:

> "The function of the summary judgment procedure is not to try the case or decide the issues of fact raised; it is merely to determine whether or not there is an issue of fact to be tried and if there is none, to cause judgment to be rendered accordingly. *Brewer v. Mele*, 267 Md. 437, 298 A. 2d 156 (1972); *Broadwater v. Arch*, 267 Md. 329, 297 A. 2d 671 (1972); *Greenwell v. American Guaranty Corp.*, 262 Md. 102, 277 A. 2d 70 (1971); *Trustees of Broadfording Church of the Brethren v. Western Maryland Ry. Co.*, 262 Md. 84, 277 A. 2d 276 (1971). At the trial level, the purpose of the hearing on the motion is to decide whether a real dispute as to material facts does exist; if the pleadings,

depositions, admissions and affidavits (if any) show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law, summary judgment should be granted. *Salisbury Beauty Schools v. State Bd. of Cosmetologists,* 268 Md. 32, 300 A. 2d 367 (1973); *Brewer v. Mele, supra; Brown v. Suburban Cadillac, Inc.,* 260 Md. 251, 272 A. 2d 42 (1971)."

The Court said further, at 8:

"In connection with a ruling to be made on a motion for summary judgment the function of the trial court is much the same as that which it performs at the close of all the evidence in a jury trial when motions for directed verdict or requests for peremptory instructions require a decision as to whether an issue requires resolution by a jury or is to be decided by the court as a matter of law."

How facts are to be put before the court was stated by the Court of Appeals in *Guerassio v. American Bankers,* 236 Md. 500, 204 A. 2d 568 (1964). It said, at 503:

"Appellee's pleadings and affidavits set out prima facie the elements necessary to entitle it to a summary judgment as a matter of law. Thereupon, appellants were required either to discredit appellee's averments as untrue or to specify evidence which would give rise to a triable issue of material fact. Appellants' pleadings and affidavits do not discredit appellee's averments as untrue. The only issue, therefore, is whether appellants have specified some opposing evidence which would raise a triable issue of material fact. Such evidence must be indicated to the court in the form of an affidavit or deposition in support of the answer to the motion stating a fact or facts which would negative the appellee's right to a summary judgment. Maryland Rule 610 a 3; *Molesworth v. Schmidt,* 196 Md. 15, 20, 75 A. 2d 100."

In discussing and applying these authorities we said in *Knisley v. Keller*, 11 Md. App. 269, 273 A. 2d 624, *cert. denied*, 261 Md. 726 (1971), at 272:

> "The party opposing the motion must show by facts, which would be admissible in evidence, that there is real dispute between the parties. The dispute must be material to the outcome. Parties are required to raise whatever issues they desire to interpose to the motion at or before the time of hearing in the trial court by affidavit or deposition * * * ."

We said further, in *Vanhook v. Merchants Mutual Ins. Co.*, 22 Md. App. 22, 321 A. 2d 540 (1974) at 26-27:

> "But a court cannot rule summarily as a matter of law until the parties have supported their respective contentions by placing before the court facts which would be admissible in evidence. *Brown v. Suburban Cadillac, Inc.*, [260 Md. 251, 272 A. 2d 42 (1971)]. Each opposing party is given ample opportunity to place before the court facts which, on the one hand, show that he is entitled as a matter of law to the ruling he seeks, or, on the other hand, show that a fact, material to the opponent's position, is disputed. How the facts are to be placed before the court is explained in the Rule and in the cases applying the Rule."

> \* \* \*

> "It is true that Maryland Rule 610 d 1 includes 'pleadings' among the matters before the court upon which the court determines whether there is a genuine dispute as to any material fact. But it is clear that facts alleged in pleadings are not, by that means alone, before the court as facts for summary judgment purposes. Ordinarily, mere allegations neither establish facts, nor show a genuine dispute of fact. *Melbourne v. Griffith*, 263 Md. 486, 283 A. 2d 363 (1971); *Wyand v. Patterson Agency, Inc.*,

[266 Md. 456, 295 A. 2d 773 (1972)]; *Davis v. Montgomery County*, [267 Md. 456, 298 A. 2d 178 (1972)]."

We observed that the function of pleadings in summary judgment cases is to frame the issues, so the court may determine materiality, and perhaps to supply, by presumption or admission, the equivalent of evidence.

The evidence specified in this case by the Company to support its contentions on the motion for summary judgment is found in the affidavit of F. J. Meehan, an employee of the Gas and Electric Company, and in answers on behalf of the infant plaintiff to interrogatories, disclaiming any contention that Robert had permission to operate his motor bike on the Company's property, or that the Company was actually aware of his presence there on the day, date and hour of the incident.

In their memorandum of Points and Authorities filed below in opposition to the motion for summary judgment, appellants concede, for the purpose of the motion, that the infant plaintiff was a trespasser or a bare licensee on the Company's property. They refer to depositions of other minors which they say indicate that for at least a year the infant plaintiff and others rode motor bikes on the property of the Company. As we have noted, there is no deposition in the record. One of the briefs states that the filing of depositions was waived. Whatever the reason, none was before the judge below, and none is before us. The memorandum then substantially repeats the allegations of the declaration. It asserts that the Company erected a fence but left the driveway open, and that the boys continued to **ride on the property and that the Company was aware that** they did so.

Appellants proceed to say that two or three days before the accident the Company placed a cable across the driveway, "for the sole purpose of impeding ingress and egress of known and unknown trespassers to the property", that there were no warning signs on the cable, and that it was virtually invisible. The declaration alleges that the

placing of the cable was a willful and wanton act, and constituted an entrapment. Appellants agree in their memorandum that the owner of land owes no duty to a trespasser or bare licensee, "except to abstain from willfully and wantonly injuring or entrapping" him.

Nowhere did the appellants specify to the court any fact, in the form of evidence or its equivalent, which showed or permitted an inference that the act of the Company in erecting the cable across the driveway was motivated by a willful or wanton purpose to injure or entrap the infant plaintiff. The allegation amounts to no more than an unsupported conclusion. Indeed, they affirmatively asserted that the sole purpose of the barrier was to impede the ingress and egress of known and unknown trespassers. They agreed that the Company was not aware of the infant plaintiff's presence on the property at the time of the injury.

In sum, appellants' opposition to the motion is founded entirely upon unsworn allegations, and upon their view of the law. They cannot succeed upon either, even if the mere alleging of facts were taken as a proper way, on a motion for summary judgment, to show an issue of material fact.

The affidavit filed with the Company's motion supplies these material facts, which stand uncontroverted:

> The Company's property, about 200 feet wide, has transformers, known as the Eastport Substation, enclosed by a fence, located on the west side. Also erected on the property are towers which support high tension transmission wires. Along the east side is a railroad spur, at a higher elevation. The main entrance, at Eastern Avenue, was and is marked with signs reading, "No Trespassing, Private Property, Baltimore Gas and Electric Company". A macadam road 12 feet wide and 800 feet long extends from the entrance to the locked gate leading into the area of the transformers. The Substation is unmanned, although employees routinely perform inspection and general maintenance work. There were no Company

personnel on duty at the time of the incident alleged.

It was ascertained that trash and junk were being dumped on the property, and it was necessary to erect a fence to barricade the property to prevent it from becoming a public dump. On 31 January and 1 February 1972 a fence was erected, about 130 feet long, from the railroad track to a wooded area on the west. The fence consisted of wooden posts and two strands of cable. Over a dirt pathway a cable gate was installed, between posts about 15 feet apart. This cable was secured at one end and attached with a lock at the other end. "No Trespassing" signs were installed on the gate, and on the fence at each side of the gate.

On 15 June 1972 it was found that the lock and the "No Trespassing" sign on the cable gate were missing, and the cable was down. They were restored on the same day.

The law of Maryland has been stated so explicitly and so frequently that no comprehensive review of the authorities is called for, nor would it serve any purpose. We shall refer to a few of the cases.

A very recent statement of the rule is found in *Bramble v. Thompson*, 264 Md. 518, 287 A. 2d 265 (1972), where Judge Digges said for the Court of Appeals, at 521:

"A bare licensee takes the property as he finds it and, like a trespasser, he is owed no duty by the owner except that he may not be wilfully or wantonly injured or entrapped by the owner once his presence is known."

In *Carroll v. Spencer*, 204 Md. 387, 104 A. 2d 628 (1954), the Court said, at 395:

"The peril of a trespasser which requires the owner of property, if he is to avoid liability, to refrain from wilful injury, must be actual and immediate. It is not the mere possibility that harm will ensue

> from the act, or failure to act, of a trespasser who has the natural faculties and the opportunity in time and environment to avoid such harm, which will impose liability on the owner."

The Court also said in that case, which involved a claim for injuries sustained by a boy while playing on a house under construction:

> "The status of the children would not change to that of invitees because the appellees, through their foreman, knew that intruders were on the property and in a position of potential danger by virtue of the unfinished condition of the house, and did not drive them off. Acquiescence is not invitation, and at most, changes the status of the trespasser to that of bare licensee, to whom the owner owes no greater duty than to a trespasser." At p. 393.

We quote here a part of what Judge Smith, in writing for the Court of Appeals in *Hensley v. Henkels & McCoy, Inc.*, 258 Md. 397, 265 A. 2d 897 (1970), quoted from *State v. Machen*, 164 Md. 579, 165 A. 695 (1933), where Chief Judge Bond wrote, at 582:

> "And the decisions in those cases have declared the familiar principle that permission or license gives leave only to take the property as the visitors find it, and that the owner or occupant undertakes no duty to those visitors who come for their own pleasure or convenience, and not at his invitation or upon inducement, express or implied, from a common advantage, except that, being aware of their presence he must not injure them wilfully or entrap them."

See also *Fitzgerald v. Montgomery County Board of Education*, 25 Md. App. 709, and cases cited therein.

It is clear from the few decisions we have referred to, and the many others cited in them, that there were no facts before the court below in this case which even raised as an

issue, whether the Company had breached any duty it had to Robert Carter. By their own showing, the appellants negatived any malicious intent on the part of the Company to inflict an injury willfully or wantonly upon Robert, or to entrap him. On the contrary, they showed that the barricade was erected for a perfectly proper business reason. If they showed that it was done negligently it was not enough — the law would permit no recovery without a showing of intentional harm. The facts did not meet the test.

The summary judgment was properly granted.

*Judgment affirmed.*
*Appellants to pay costs.*